445 So.2d 12 (1983)
STATE of Louisiana
v.
Eric B. ROBERSON.
No. KA 0959.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Rehearing Denied February 22, 1984.
Writ Denied April 23, 1984.
*13 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Crim. Div., Harry F. Connick, Dist. Atty., Joanne C. Marier, Asst. Dist. Atty., Parish of Orleans, Susan Hunt, New Orleans, for plaintiff-appellee.
Harold D. Marchand, New Orleans, for defendant-appellant.
Before GARRISON, AUGUSTINE and BYRNES, JJ.
GARRISON, Judge.
Defendant Eric Roberson was arrested on October 19, 1982, and charged with armed robbery, a violation of LSA-R.S. 14:64. A motion to suppress the identification was heard on December 10, 1982, and was denied. After trial on February 3 and 4, 1983, a twelve-member jury returned a verdict of guilty as charged against the defendant. The trial court sentenced the defendant to serve 99 years at hard labor. Defendant has appealed his conviction and sentence, alleging the trial court's error in the following respects: (1) denying the motion to suppress the identification; (2) commenting on the evidence; and (3) imposing an excessive sentence.

FACTS
The evidence introduced at trial established that two men entered the accounting office of the New Orleans Country Club on the afternoon of October 15, 1982, and at gunpoint demanded money from an employee of the country club, Molly Reinman. They then forced eight employees into a walk-in vault and closed the door behind them. Upon retreating from the office, the perpetrators took the purse of one of the employees, Joan Fleetwood. After the men left, the victims summoned the police and each gave the officers a description of the perpetrators. These descriptions, while varying in detail, were for the most part consistent. The perpetrators were also seen leaving in a dark green 1970 or 1971 Chevrolet with a black front fender.
Four days after the commission of the armed robbery, investigating officers observed an automobile fitting the description of the vehicle used by the perpetrators, parked in front of 3824 Hamilton, approximately four or five blocks from the scene of the offense. The defendant came out of the residence at that address and told the officers the car was not his, but that he had been using it for approximately one week. Roberson allowed officers to search the car and when a purse was found which matched the description of the stolen purse, the defendant was placed under arrest.
On October 21, 1982, officers held a photographic lineup, composed of photographs of nine suspects, at the New Orleans Country Club. Two witnesses, Molly Reinman and Theresa Hicks, identified a photograph of the defendant as one of the perpetrators. The other witnesses could not make a positive identification.
Approximately one week later, a physical lineup was also conducted at Central Lockup in connection with the case. Four witnesses, Theresa Hicks, Molly Reinman, Joan Fleetwood and Williamson Bliss, selected the defendant from five other subjects as a perpetrator of the crime. Two *14 other witnesses selected another subject as the perpetrator.

ASSIGNMENT OF ERROR NUMBER 1
In this assignment, appellant contests the denial of his Motion to Suppress the Identification, claiming that the identification procedures used in the investigation of his case, a photographic and a physical lineup, were impermissibly suggestive. He maintains that these allegedly defective identification procedures tainted in-court identifications of appellant, leading to his conviction for armed robbery.
The Louisiana Supreme Court has held that a lineup is unduly suggestive if the identification procedure displays the defendant so that the witness' attention is focused on the defendant. State v. Smith, 430 So.2d 31 (La.1983); State v. Robinson, 386 So.2d 1374 (La.1980). A lineup may also be suggestive if a sufficient resemblance of physical features and characteristics of persons in the lineup does not exist to reasonably test the identification. State v. Nicholas, 397 So.2d 1308 (La.1981); State v. Robinson, supra. Strict identity of physical characteristics among the persons depicted in a physical or photographic lineup is not required. All that is required is a sufficient resemblance to reasonably test the identification. State v. Smith, supra; State v. Guillot, 353 So.2d 1005 (La. 1977).
In the case before us, after reviewing the photographs of both the physical and the photographic lineup, we do not find either identification procedure to have been unduly suggestive. The record reflects that the officers took adequate precautions in separating the witnesses during the photographic lineup, and in individually asking each witness to carefully review the photographs in the photographic lineup. The photographs themselves depict men with generally similar skin color, complexion, facial hair and features. None of the photographs has any distinguishing marks. The defendant in no way stands out from the other eight subjects depicted, and we note that there appears to be an adequate matching of basic physical appearance. With respect to the physical lineup, it is clear from the testimony adduced at the hearing on the motion to suppress that the procedures used were proper, and that there was a sufficient matching of basic physical and facial characteristics. State v. Stucke, 419 So.2d 939 (La.1982), State v. Williams, supra.
We conclude that both lineups contained subjects with sufficient similarities to test the identification, and in neither lineup would the victim's attention have been focused on the defendant because of distinctive features.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2
In this assignment, appellant contends that the trial judge erred in commenting on the evidence. His complaint focuses upon the following exchange, which occurred during the testimony of a defense witness:
Q. Do you recall what kind of car he was driving?
A. Yes, I do.
Q. What was it?
A. A green Chevrolet.
Q. With a black bumper?
A. I don't know.
BY THE COURT:
Fenders, wasn't it?
BY MR. TOSTERUD:
Fenders, yes.
BY THE COURT:
Q. Did it have black fenders on it?
A. I don't know.
BY MR. MARCHAND:
Your Honor, I'm going to object to the court commenting on the ... on any previous testimony.
BY THE COURT:
What's that, sir?
BY MR. MARCHAND:
I'm going to object to the court commenting on the evidence, Your Honor.
BY THE COURT:

*15 I'm not commenting on the evidence. I'm asking questions. I want to get it clear in my mind what she's saying. I have to have it clear in my mind.
BY MR. MARCHAND:
Note my objection, Your Honor.
Appellant characterizes the court's participation in the examination of the witness as a "recapitulation" or "repetition" of testimony in violation of Louisiana Code of Criminal Procedure Article 772. That article prohibits the court from expressing its opinion or commenting on innocence or guilt. State v. Williams, 375 So.2d 1379 (La.1979). It does not, however, restrain the court in its proper role of clarifying testimony when necessary or desirable. Id.
It is clear from the colloquy that the trial judge was not commenting on the evidence, but merely attempting to clarify the prior testimony and the witness' response. We do not believe there was any prejudice caused to the defendant, particularly in light of the fact that the witness did not revise her previous answer in response to the court's clarification of the question. The trial judge's remarks, therefore, did not constitute an impermissible comment on the evidence. State v. Kelly, 367 So.2d 832 (La.1979).

ASSIGNMENT OF ERROR NUMBER 3
Appellant asserts by this assignment that the 99-year sentence imposed on him by the trial court is unconstitutionally excessive.
The Louisiana Constitution of 1974 prohibits the imposition of excessive punishment. (Art. 1, Section 20). In State v. Sepulvado, 367 So.2d 762 (La.1979) the Louisiana Supreme Court stated that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this Court on appellate review of his conviction." With respect to the appropriate standards for that review, the court further stated that:
".. The statutory criteria legislatively provided by La.C.Cr.P. Art. 894.1 (1977), which are similar to those evolved by courts in other American jurisdictions with a constitutional or statutory duty to review excessiveness, provide appropriate criteria by which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentencing alternatives." Sepulvado, at 769.
The trial court must articulate specific reasons for a sentence which is "apparently severe" in relation to the particular offender and the actual offense. Sepulvado, supra. While the trial court need not articulate every aggravating and mitigating circumstance presented in Article 894.1, the record must reflect that it considered these guidelines in particularizing the sentence to the defendant. State v. Kersey, 406 So.2d 555 (La.1981); State v. Vaughn, 378 So.2d 905 (La.1979).
While the sentence imposed on Roberson does not exceed the maximum of 99 years allowed under LSA-R.S. 14:64, because the sentence is "apparently severe" we have reviewed the sentence for excessiveness and have reviewed the record to determine whether the trial court complied with Article 894.1.
Our review of the transcript from the sentencing hearing indicates that the trial court particularized the sentence to this defendant under the guidelines of Article 894.1. The court considered the seriousness of the offense and the defendant's previous criminal record, and noted that there was an undue risk that the defendant would commit another crime if given a lighter sentence.
With respect to the question of whether this particular sentence is excessive, the Louisiana Supreme Court has recognized that a punishment is unconstitutionally excessive if it (1) makes no measurable contribution to accepted goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983).
*16 The initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender. State v. Telsee, supra. Roberson pointed a pistol at eight employees of the New Orleans Country Club, demanded money and then ordered them into a vault. Several of the victims testified that they feared for their life and at least one suffered traumatic emotional shock as a result. Additionally, the defendant's juvenile and adult criminal records indicate that he is extremely dangerous and, as the trial judge noted, would probably become a recidivist if released.
The trial judge who has complied with Article 894.1 is afforded broad discretion when imposing a sentence within the statutory limits, and such sentence should not be set aside as excessive absent manifest abuse of discretion. State v. Trahan, 425 So.2d 1222 (La.1983). Although this sentence is severe, the trial judge did not abuse his broad discretion.
This assignment of error is without merit.
The defendant's conviction and sentence are affirmed.
AFFIRMED.