463 So.2d 660 (1985)
STATE of Louisiana
v.
Lionel BUCHANAN.
No. KA-2125.
Court of Appeal of Louisiana, Fourth Circuit.
January 11, 1985.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Mary Charlotte McMullan, Maria Lazarte, Asst. Dist. Attys., New Orleans, for appellee.
Calvin Johnson, Dianne McDonald, Student Practitioner, Loyola Law School Clinic, New Orleans, for appellant.
Before REDMANN, C.J., and GULOTTA and WILLIAMS, JJ.
GULOTTA, Judge.
Defendant was convicted of two counts of forgery, a violation of LSA-R.S. 14:72, and sentenced to serve seven years at hard labor with credit for time served.
Defendant, appealing, contends: (1) the trial court erred in denying his motion to suppress the identification based on a photographic *661 line-up; and (2) there was insufficient evidence to support the conviction. Before reaching the merits of defendant's assignments of error, we reviewed the record for errors patent. The record does not indicate any such errors.

FACTS
On September 22, 1981, the police were summoned to Gordon Jewelers on Canal Street to investigate an attempt to use what was possibly a stolen Visa credit card. By the time they arrived, the suspect had left but the sales lady told them that the man was carrying a Godchaux's department store shopping bag. Investigating officers then went to Godchaux's and spoke to a Mrs. Colpepper, who informed them that two men matching the description had purchased a leather jacket and a sweater, using a credit card in the name of Roy Chauvin. The sales ladies at Godchaux's were able to provide a description of the two men to include the type of clothing, height, weight and hair style.
Visa had been contacted by Gordon's Jewelers while the suspect was attempting to use the card. An investigator for Visa then contacted Mr. Chauvin who was the owner of the credit card, and it was determined that he had not as yet received his new card in the mail. A description of the suspect provided by the Godchaux's employees was run through the NOPD computer. The suspect was described as a black male, approximately 30 years old, about 5 ft. 10 in., thinly built, with a tattoo of the initial "G" on his left hand. A line-up, of six photographs, including the defendant's picture, was presented to the personnel at Gordon's Jewelers and at Godchaux's. All identified the defendant.
The witness who identified Buchanan in the photographic line-up were also able to identify him in court. Although two of the three witnesses stated they had remembered that the man had a green tattoo on one of his hands, both identified him by his face and denied that the tattoo was the basis for their identification. Roy Chauvin, the holder of the Visa card, testified that he had not made any purchases at Godchaux's on September 22, 1981, and that he did not sign the sales receipts that were exhibited. Furthermore, he had never seen the defendant before and had not authorized him to use his credit card.
The defendant's girl friend, Trina Sterling, testified that she had lived with the defendant for the past four years and was with him all day on September 22, 1981. According to her, the only time that she and defendant had been separated on that day was between 3 p.m. and 3:45 p.m. when she had asked the defendant to go to a K & B Store to pick up liquor for a party that was to occur the next day. The defendant took the stand and repeated the alibi. He also admitted to having three prior convictions, two for burglary and one for theft.

ASSIGNMENT OF ERROR ONE
In this assignment, defendant contends the trial judge erred in denying his motion to suppress the identification.
For evidence of an out-of-court identification to be suppressed, the defendant must show that the identification was so suggestive that there existed a likelihood of misidentification resulting from the identification procedure. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Chaney, 423 So.2d 1092 (La.1982). The five factors used to determine whether an out-of-court identification was suggestive are: 1) the witness' opportunity to view the defendant during the commission of the crime; 2) the degree of attention paid by the witness during the commission of the crime; 3) the accuracy of any prior description given by the witness; 4) the level of the witness' certainty displayed at the identification; and 5) the length of time between the crime and the identification. State v. Prudholm, supra; State v. Chaney, supra.
A photographic line-up is suggestive when the pictures "display the defendant so singularly that the witness' attention is unduly focused upon the defendant." *662 State v. Smith, 430 So.2d 31 (La.1983). Strict match of physical characteristics is not required, however, and the other photographs only need a "sufficient resemblance to reasonably test identification." I.D.; State v. Roberson, 445 So.2d 12 (La.App. 4th Cir.1983), writ 449 So.2d 1344 (La.1984).
The appellant contends the photographic line-up was unduly suggestive because his is the only photograph in which the subject has a tattoo. We disagree.
One of the witnesses stated at the suppression hearing that the man had a tattoo on his hand and that the minute she looked at the picture she saw the tattoo. However, she clarified her statement by saying that though she saw the tattoo, it was the face that she remembered. Another witness stated that she had observed the tattoo; however, she did not notice the tattoo in the picture until it was pointed out to her at the suppression hearing. Also both witnesses had the opportunity to observe the defendant over an extended period of time.
The two witnesses from Godchaux's testified also that a verification of the defendant's signature was needed for the purchase. The witness who worked at Gordon's Jewelers testified that she had asked for a picture I.D., called in the transaction and attempted to stall the defendant, when he tried to purchase items there. Both incidents were sufficiently unusual for witnesses to have remembered the defendant's appearance when they were asked to identify him on the following day.
We have reviewed the photographs used in the photographic line-up and find none to be unduly suggestive. Although the tattoo is visible, it is hardly noticeable unless one particularly looks for it. Furthermore, considering the incidents at both stores and the opportunities for the witnesses to observe the defendant over an extended period of time, we find no error by the trial judge in denying the motion to suppress the identification.
This assignment of error is without merit.

ASSIGNMENT OF ERROR TWO
Defendant's second assignment of error alleges that there was insufficient evidence to support the conviction.
Defendant was convicted of two counts of forgery, a violation of LSA-R.S. 14:72, which reads as follows:
Forgery is the false making or altering, with intent to defraud, of any signature to, or any part of, any writing purporting to have legal efficacy.
Issuing or transferring, with intent to defraud, a forged writing, known by the offender to be a forged writing, shall also constitute forgery.
In the instant case, the State offered evidence to prove that defendant had signed the name of Roy Chauvin on the stolen Visa card, used this card to purchase merchandise, and then signed Chauvin's name to the sales receipt. This evidence was sufficient to prove the essential elements of the crime. Furthermore, the defendant was identified in court as the person who presented the stolen credit card and signed the sales slip. Viewing the evidence in the light most favorable to the prosecution, there is sufficient evidence in the record for the jury to have found the defendant guilty beyond a reasonable doubt in accordance with the criteria set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This assignment of error is without merit.
The conviction and the sentence are affirmed.
AFFIRMED.