501 So.2d 819 (1986)
STATE of Louisiana
v.
Harold SAVOY.
No. K-5469.
Court of Appeal of Louisiana, Fourth Circuit.
December 22, 1986.
Writ Denied February 6, 1987.
*820 Harry F. Connick, Dist. Atty., Kevin V. Boshea, Asst. Dist. Atty., New Orleans, for plaintiff.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, CIACCIO and LOBRANO, JJ.
BARRY, Judge.
The defendant was indicted for aggravated rape, armed robbery and aggravated crime against nature on January 9, 1986 for crimes allegedly committed on April 4, 1984.
The defendant's motion to suppress his identification was granted and the trial judge said:
And, in the photographic lineup that was given to the victim [witness] in the case,  I don't know if it was five or six photographs, but whatever the number is  and the only person that comes up with a mole with him is the defendant. Everybody else doesn't have a mole, just the defendant, and I think that is suggestive.
The state applied for writs and we reversed the trial court based on a finding that the photographic lineup was not impermissibly suggestive. The Supreme Court granted writs and remanded for briefing and oral argument.[1] 496 So.2d 316.
The victim, Margaret Farris, was leaving her workplace in the French Quarter when a man armed with a knife forced her into her car and demanded money. Since she had little cash, Ms. Farris told him she could cash a check. They drove to a service station where Scott Schaft cashed her check, then proceeded to a motel where she was sexually assaulted orally and vaginally. They then drove to a location where the assailant obtained narcotics. Ms. Farris eventually escaped and notified police.
Ms. Farris described her assailant as a negro male in his mid to late 20's, about 5'7" tall, weighing 150 pounds, with a stomach scar, heart tattoo on his chest, and a mole on his face. The police utilized a new computer which resulted in the defendant's fingerprints being positively identified. Handwriting and secretor tests also linked him to the crime.
On December 12, 1985 a physical lineup of six men including the defendant was held for the victim. A public defender asked for the removal of one man, requested that two shirts be changed, then okayed the lineup. Ms. Farris did not identify the perpetrator.
On December 18, 1985 the police compiled a photographic lineup of the men in the physical lineup. The officers showed the photos to Scott Schaft, the service station attendant, and he tentatively identified the defendant as the man with Ms. Farris.
The defendant argues 1) the lineup was suggestive since he was the only person with a mole out of those whose photographs were shown to Scott Schaft, 2) the lineup occurred 20 months after the alleged crime, and 3) Schaft had little opportunity to view the defendant.
*821 A defendant attempting to suppress an identification must prove 1) that the identification was unduly suggestive and 2) that there was a substantial likelihood of irreparable misidentification. State v. Prudholm, 446 So.2d 729 (La.1984).
A lineup is unduly suggestive if the identification procedure displays the defendant so that the witness' attention is focused upon the defendant. State v. Neslo, 433 So.2d 73 (La.1983); State v. Tate, 454 So.2d 391 (La.App. 4th Cir.1984). Strict identity of physical characteristics among those in the photos is not required. All that is necessary is a sufficient resemblance to reasonably test identification. State v. Smith, 430 So.2d 31 (La.1983); State v. Roberson, 445 So.2d 12 (La.App. 4th Cir.1983), writ denied 449 So.2d 1344 (La.1984).
There is no exact detailed criteria for a legitimate photographic lineup. Each case must be considered on its own facts. State v. Tonubbee, 420 So.2d 126 (La.1982), cert. denied 460 U.S. 1081, 103 S.Ct. 1768, 76 L.Ed.2d 342 (1983).
The six color photographs were the same size and shape, depicting the head and upper chest of the individuals. All of the subjects were black males of similar skin tone and age with various degrees of facial hair. The defendant's photo shows a mole on his left cheek which is almost invisible.
In State v. James, 431 So.2d 1075 (La. App. 2d Cir.1983), writ denied, 439 So.2d 1076 (1983), the defendant had a facial tattoo which had been noted by the victim in her description of her assailant. The court of appeal found the tattoo was not readily apparent in the defendant's photograph and it was not unduly suggestive. The Second Circuit noted that even if the tattoo had been visible the lineup would not be automatically invalidated.
A similar result was reached by this court in State v. Buchanan, 463 So.2d 660 (La.App. 4th Cir.1985). Although the defendant was the only person in the photo lineup with a tattoo on his hand, we noted the tattoo was hardly noticeable and concluded the lineup was not unduly suggestive. Buchanan considered the reliability factors and affirmed the denial of the motion to suppress.
The photo lineup comprised those men who were in the physical lineup. The public defender did not believe the blemish on defendant's face was a problem and did not mention it at the physical lineup (six days earlier).
We have reviewed the photographic lineup and do not find it unduly suggestive. The six photographs depict men of similar skin color and complexion with some facial hair. The blemish on the defendant's face is hardly noticeable and does not focus attention on his photograph. See State v. Douglas, 389 So.2d 1263 (La.1980); State v. Reed, 483 So.2d 1275 (La.App. 4th Cir. 1986).
Even if the photo identification could be considered suggestive, that alone would not violate the defendant's right to due process. There must also be a likelihood of misidentification which requires five factors to be considered.
These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.
State v. Guillot, 353 So.2d 1005, 1008-1009 (La.1977), quoting from Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).
Scott Schaft saw the perpetrator in a lighted service station during the time it took him to cash the victim's check. Schaft obviously felt he got a good look at the man who was very close to him. Although months passed before the police located the defendant and held the lineup, Schaft was able to tentatively select the defendant's photograph.
*822 Lack of positive identification goes to the weight of the evidence rather than to its admissibility. State v. Gentry, 462 So.2d 624 (La. 1985). Challenges to the witness' powers of observation are matters to be considered by the jury during trial on the merits. State v. Daniels, 473 So.2d 873 (La.App. 4th Cir. 1985), writ denied, 478 So.2d 1233 (La.1985).
We find that the lineup was fair and not suggestive. The judgment granting the motion to suppress is reversed.
REVERSED.
NOTES
[1] Defense counsel did not appear for the hearing.