BYRNES, Judge.
Defendant Thaddeus W. Dotson appeals his conviction and sentence for armed robbery in violation of LSA-R.S. 14:64. We affirm.
On May 29, 1990 Ms. Selena Verrett was walking on her way to work at 6:15 a.m. when she was approached from the rear by the defendant who was riding a bicycle. She started up some steps of a house in order to avoid the defendant but he told her to stop. Because Ms. Verrett saw that the defendant had pulled a gun from under his shirt, she stopped and came back. He demanded her jewelry which she gave him. He also asked if she had any money in her purse and demanded that she give it to him. After obtaining the fifty dollar bill which Ms. Verrett had in her wallet, the defendant rode off on his bicycle. Ms. Verrett tried to flag down a car but was unsuccessful. She then walked to work and called the police to report the robbery. Ms. Verrett described the robber as a small dark man with a smooth face and a “close haircut”. Ms. Verrett further described the robber as being a little taller than her height of five feet, one inch and as having gold teeth.
At 6:00 a.m. on May 31, 1990 Officers James Ward and Leonard Carr of the Fifth District began a roving surveillance of the area where the robbery of Ms. Verrett occurred. One hour later they observed the defendant riding a bicycle approximately fourteen blocks from where Ms. Verrett had been robbed. Because the defendant fit the description of the robber, the officers stopped him and patted him down. Officer Ward felt a gun handle through the defendant’s clothing. He searched the defendant and seized a blue steel revolver. The defendant was then placed under arrest and transported to Central Lockup where he was interviewed by Officer Ward and he made an inculpatory statement after having been advised of his rights. Officer Ward and Detective Craig Rodrigue also went to the victim’s home the same day to conduct a photographic lineup. Ms. Verrett tentatively identified Thaddeus Dotson’s photograph. On June 12, 1990 she positively identified the defendant in a physical lineup, an identification which she repeated in court.
Prior to trial, after a hearing on July 13, 1990 the trial court denied defendant’s motion to suppress the evidence and confession and recessed the motion to suppress the identification. The hearing resumed on July 20, 1990, at which time a judge trial was conducted in case number 344-201 on a charge of possession of a concealed weapon. On July 31, 1990 the trial court denied the motion to suppress evidence. At trial on August 14, 1990 a jury found Thaddeus Dotson guilty of armed robbery and on August 21, 1990 the trial court sentenced the defendant to fifty years at hard labor without benefit of parole, probation or suspension of sentence.
On appeal, Thaddeus Dotson contends that the trial court erred in denying: (1) his motion to suppress the physical evidence and the confession; and (2) his motion to suppress the pretrial identification.
Defendant argues that the police officer’s investigatory stop was without probable cause and constituted an unlawful search and seizure in violation of defendant’s Fourth Amendment rights.
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed or is about to commit an offense. LSA-C.Cr.P. art. 215.1. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Chopin, 372 So.2d 1222 (La.1979). Reasonable suspicion required for an investigatory stop is something less *1223 than probable cause required for an arrest. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Johnson, 557 So.2d 1030 (La.App. 4th Cir.1990). Reasonable cause to stop and question a suspect must be determined on a case-by-case basis. State v. Thomas, 583 So.2d 895 (La.App. 1st Cir.1991). This is determined by the officer’s ability to articulate specific reasons on which he bases his reasonable suspicion. State v. Dickerson, 579 So.2d 472 (La.App. 3d Cir.1991), writ granted in part on other grounds, 584 So.2d 1140 (La.1991).
In view of the totality of the circumstances presented herein, the stop and frisk of the defendant was justified. The victim gave a description of the perpetrator which was substantiated by the police officers’ observations when they conducted a roving investigatory surveillance of the same crime area where the robbery was committed at the same time of day in the early morning between 6:00 and 7:00 a.m. The officers knew that a crime involving a weapon had been committed two days before. They had the description of the suspect consisting of his race, age, hair style and skin color. They knew he had approached the victim on a bicycle. They ruled out and did not stop other bicycle riders they observed based on the description of the suspect. From the description, the officers decided to stop the defendant to interview him. Knowing that the subject was possibly armed, the officers conducted a pat down for their protection and Officer Ward removed a weapon. The officers had reasonable cause to make the stop and conduct the pat down. Once Officer Ward felt the gun under the defendant’s clothing, he had probable cause to seize the weapon and place the defendant under arrest for concealing the weapon, as well as seizing the defendant’s clothing and bicycle.
Thaddeus Dotson also contends that the trial court erred in denying the motion to suppress the pretrial identification.
When reviewing an out-of-court identification procedure for its constitutionality and admissibility in court, the reviewing court must first make a determination of whether an impermissible suggestive procedure was used. A lineup will be considered unduly suggestive if the identification procedure displays the defendant so that the witness’s attention is focused on the defendant. State v. Neslo, 433 So.2d 73 (La.1983); State v. Reed, 483 So.2d 1278 (La.App. 4th Cir.1986); State v. Savoy, 501 So.2d 819 (La.App. 4th Cir.1986), writ denied 502 So.2d 576 (La.1987); State v. Tate, 454 So.2d 391 (La.App. 4th Cir.1984). A lineup is also suggestive if a sufficient resemblance of characteristics and features of the people in the lineup, i.e., build, hair, facial hair, and complexion, does not exist to reasonably test the identification. State v. Nicholas, 397 So.2d 1308 (La.1981); State v. Tate, supra. If only one person has the same characteristic as those describing the perpetrator, the witness’s attention will be focused on that one person. State v. Davis, 385 So.2d 193 (La.1980). However, “strict identity of physical characteristics among the persons depicted in a physical or photographic lineup is not required. All that is required is sufficient resemblance to reasonably test the identification.” State v. Savoy, supra at 821.
In the instant case, the appellant argues that the identification at the physical lineup was unduly suggestive and carried a distinct possibility of misidentification because the defendant was the only person who was included in both the physical and photographic lineups. Defendant asserts that the photographs from the first lineup were not provided to defense counsel. However, the record does not indicate that trial counsel ever requested those photographs. Appellant also contends that impropriety occurred at the physical lineup because the victim was present when another, apparently unrelated, lineup occurred before the one in which the defendant participated. The appellant does not contend that the procedures in general were suggestive.
The appellant’s argument hinges in large part on the allegation that the victim failed to identify the defendant who she viewed in the photographic lineup. He argues that *1224 the identification made in the physical lineup occurred because the victim subconsciously remembered the defendant from the photographic lineup. However, the record clearly shows that the victim made a tentative identification of the defendant at the photographic lineup. According to the testimony taken at the motion to suppress hearing, the victim stated that the picture of the defendant looked like the robber but she would have to see him to be sure.
Even if the physical lineup procedure was suggestive because the defendant was the only one included in both the lineups, the identification does not necessarily have to be suppressed. If the court finds that the identification procedure was suggestive, then it must determine whether, given all the circumstances, the suggestive procedure gave rise to a substantial likelihood of improper identification. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Prudholm, 446 So.2d 729 (La.1984); State v. Lee, 545 So.2d 1163 (La.App. 4th Cir.1989). The United States Supreme Court has enunciated a five factor test to determine whether the identification was reliable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’s degree of attention; (3) the accuracy of the witness’s prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation. Manson v. Brathwaite, supra; Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
Considering these five factors, there was not a substantial likelihood of an unreliable identification. The victim testified that she turned and looked at the defendant when she heard a bicycle coming up behind her. She moved up on some house steps out of concern for her safety. It is reasonable to conclude that she focused her attention on the defendant prior to the actual robbery, even though she did not look directly at him during the actual crime. Furthermore, the victim gave a fairly detailed description of her assailant, including the fact that he had gold in his mouth. As to the fourth factor, the victim made a positive identification of the defendant at the physical lineup, which was only twelve days after the crime, and a tentative identification at the photographic lineup held two days after the crime. Further, the testimony regarding the photographic lineup indicates that the victim pulled the defendant’s photograph as soon as she saw it, indicating a fairly high degree of certainty.
Considering these factors, and the additional fact that the victim did not fail to identify the defendant during the first photographic lineup, the trial court did not err in denying the motion to suppress the identification on the grounds that it was unduly suggestive, creating an unreasonable possibility of unreliable identification.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.
JONES, J., dissents with reasons.