SCHOTT, Judge.
Defendants Wright and Stewart were convicted of armed robbery in violation of LSA-R.S. 14:64. Wright was sentenced to ninety-nine years at hard labor and has taken' this appeal.
Early in the afternoon on February 22, 1983, Wayne Scheurmann was eating lunch in his automobile parked in City Park in New Orleans when two men, later identified as defendants, approached him. Wright pointed a gun at Scheurmann and ordered him to move over to the front passenger seat while Stewart got in the back. For some time Wright drove around the park with Stewart sticking a gun into Scheurmann’s head. They threatened and cursed him taking his money, wallet, class ring, and the other contents of his pockets and the glove compartment of the car. They also struck him several times. This continued while Wright drove out of the park and onto the city streets. Finally they threw Scheurmann out of the car and drove off. Scheurmann got a passing motorist to take him to police headquarters where he reported the crime.
On the same day in the early evening two policemen spotted Wright and Stewart stripping Scheurmann’s car. The subjects tried to flee but were apprehended. They were in possession of Scheurmann’s ring.
That night another officer contacted Scheurmann and he readily identified the two defendants from sets of photographs displayed by the officer. Scheurmann’s identification of defendants as the robbers from the photographs and at trial was positive and unmistakable.
Wright’s mother and sister and Stewart testified that the two defendants were watching television with them on the other side of the city when the crime occurred, and Stewart testified that he thought the automobile they were caught stripping was abandoned and that he found Scheur-mann’s ring by the car.
We have examined the record for errors patent' and found none. Furthermore, any rational trier of fact, reviewing the evidence in the light most favorable to the prosecution, could have found that the essential elements of the crime were proved beyond a reasonable doubt. State v. Fuller, 414 So.2d 306 (La.1982). Thus, the evidence was sufficient to support Wright’s conviction.
ASSIGNMENT OF ERROR 1
By this assignment defendant complains that the state failed to reveal, in answer to his motion for discovery of information favorable to him and material to his guilt, that there was an outstanding warrant for Scheurmann’s arrest for motor vehicle charges of fleeing the scene of an accident, reckless driving, failure to yield, and driving while intoxicated. This assignment has no merit. Aside from the question that the state was even aware of the warrant’s existence, it was under no obligation under C.Cr.P. Art. 718 to disclose it because it was not material and relevant to the issue of defendant’s guilt.
Nor was it discoverable under Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed. 215 (1963) as evidence which might affect Scheurmann’s credibility. The dis-positive answer is that such evidence, even if known, could not be introduced at trial because it was irrelevant and, thus, could never affect Scheurmann’s credibility at this trial.
ASSIGNMENT OF ERROR 2
During his testimony Scheurmann disclosed in answer to why he did not try to jump out of the automobile during his ordeal, that the front door on the passenger’s side was jammed as a result of a previous accident. By this assignment defendant charges error in the trial court’s restricting defense counsel’s cross-examination on the details of this previous accident. The trial court has broad discretion in controlling the scope of cross-examination and rulings on such matters are not disturbed in the absence of an abuse of such discretion. State *617 v. Naas, 409 So.2d 535 (La.1981). The inquiry into the details of a previous accident was irrelevant and immaterial as to defendant’s guilt and had no bearing on the credibility of this armed robbery victim. There was no abuse of the trial court’s discretion, and this assignment is without merit.
ASSIGNMENT OF ERROR 3
During the state’s cross-examination of Stewart the prosecutor made reference to his “burglarizing” Scheurmann’s automobile. Defendant points out that automobile burglary was not responsive to the charge of robbery in this case and argues that it was raised to prejudice the defendants. In his earlier, direct testimony Stewart had opened the door on the question of burglary when he admitted that he and defendant were removing the tires and had gotten inside the car when they were caught by the police. The cross-examination on burglary was directly connected to this testimony and the trial court’s overruling of defendant’s objection was well within the sound discretion of the court. See State v. Eastin, 419 So.2d 933 (La.1982).
ASSIGNMENT OF ERROR 4
This assignment concerns remarks by the prosecutor during his closing argument. He stated that he thought the defendants had taken cameras from the car before being caught by the police. Scheur-mann testified that his camera equipment was in the trunk of the car when it was stolen but was gone when it was returned. While there was no direct evidence to show that they stole the equipment the circumstances clearly pointed in that direction. They had the trunk key and there was no damage to the trunk. In any event, since they were not charged with the theft of this equipment the argument was arguably objectionable. A prosecutor should not inject issues in his argument which are broader than the guilt or innocence of the defendant as to the crime with which he is charged. State v. Messer, 408 So.2d 1354 (La.1982).
However, improper closing argument does not constitute reversible error unless the reviewing court is thoroughly convinced that such remarks influenced the jury and contributed to the verdict. State v. Sharp, 418 So.2d 1344 (La.1982). In the instant case the evidence of defendants’ guilt was so overwhelming that any remarks by the prosecutor were probably superfluous. We are thoroughly convinced that the objectionable remarks had nothing to do with the verdict. This assignment is meritless.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.