461 So.2d 681 (1984)
STATE of Louisiana
v.
Rickey ELLOIE.
No. KA 2131.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1984.
*682 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Kathy Lee Torregano, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
George A. Blair, III, New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and CIACCIO, JJ.
SCHOTT, Judge.
Defendant was convicted of armed robbery in violation of LSA-R.S. 14:64 and sentenced to ten years at hard labor.
At about 4 A.M. on July 11, 1984 Della Garrison and her son, Michael Easterling, were in Garrison's car waiting for a red light to change when a man with a gun and a woman approached them. He ordered Garrison to open the car door, and they got into the back seat behind Garrison and Easterling. After making Garrison drive them around for a while they ordered her to stop, took Easterling's watch and wallet, put Garrison and Easterling out of the car, and stole it. Easterling called the police.
At about 1 A.M. on the following morning police officers spotted and stopped Garrison's stolen car. It was occupied by defendant and one Davetta Odom with two *683 juveniles. On August 8 Garrison and Easterling picked photographs of defendant and Odom from photographic lineups presented by the police.
We have reviewed the record for errors patent and find none.
Before addressing defendant's specific assignments we note from our review of the record that the evidence, viewed in the light most favorable to the prosecution, is sufficient for a rational trier of fact to have found defendant guilty beyond a reasonable doubt of each and every element of armed robbery. Garrison and Easterling both identified defendant as the man who robbed them with Odom. While Odom and defendant both denied he was involved, and friends of defendant offered alibi testimony, the jury rejected this testimony. The record provides no basis for this court to disturb this conclusion.

Assignment of Error 1
By this assignment defendant claims the trial court erroneously sustained a challenge for cause by the state. On the prosecutor's question to the juror he stated that he would not vote to convict even if the proof were beyond a reasonable doubt. Defendant contends that questioning by his attorney rehabilitated the juror, but the record shows otherwise. On questioning by defense counsel the juror repeated that he could not convict "just by proving him beyond a reasonable doubt." The sustaining of this challenge for cause was clearly warranted. C.Cr.P. Art. 797(4). This assignment is meritless.

Assignment of Error 2
When Easterling was on the witness stand the prosecutor asked him, "And what was going on in your mind while this [his being threatened by defendant with the gun while being relieved of his watch and wallet] was going on?" Defense counsel's objection to the question was overruled, the question was rephrased as to "How did you feel while the robbery was going on" and Easterling replied, "Scared." By this assignment defendant contends his objection was erroneously overruled and the state was wrongfully permitted to present Easterling's state of mind to the jury which was an "impression or opinion" in violation of R.S. 15:463. Easterling was not giving an impression or opinion when he said he was scared. He was stating a fact as authorized by R.S. 15:463. This assignment is meritless.

Assignments of Error 4 and 5
By these assignments defendant contends that his counsel's cross examination of Easterling was erroneously curtailed by the trial judge. He cites two instances of these alleged errors. In the first instance although an objection by the state to a question by defense counsel was sustained, counsel immediately repeated the question in slightly different form and got an answer. In the second instance defense counsel's question was already answered when the objection was made. Thus, if the rulings were erroneous defendant was not prejudiced. In any event, the trial court has great discretion in controlling the scope of cross examination. State v. Wright, 447 So.2d 614 (La.App. 4th Cir. 1984). The rulings complained of here were not abusive of such discretion. These assignments have no merit.

Assignment of Error 12
By this assignment defendant contends that the denial of his motion for new trial was erroneous. We need not address this assignment since it was not argued in brief. However, in our discussion of the sufficiency of the evidence we have, in effect, held that this assignment has no merit.

Assignments of Error 6, 7, and 11
By these assignments defendant contends that his motion to suppress identification was erroneously denied and his photo was improperly and erroneously displayed to the jury. He argues that Garrison and Easterling never got a good look at defendant while he robbed them because of his *684 position behind them in the car and the poor lighting which prevailed. He makes much of several minor discrepancies in the descriptions of defendant by the victims. He attacks the identification of the victims as faulty because they said their original selection of defendant's photo was "tentative" and the photos of defendant and Odom were so different from the others that they were "suggestive" to the victims. He finally attacks the identification because it took place so longtwenty-eight daysafter the crime and neither victim knew defendant before the crime.
Much of this involves the fact finding province of the judge at the suppression hearing and the jury at trial. Both victims said they got a look at the defendant during the time he was with them and were able to identify him. The lapse of twenty-eight days does not in itself taint the identification. In State v. Prudholm, 446 So.2d 729 (La.1984), the court found that a three and one-half month interval between a rape and the identification of the perpetrator did not automatically cause the identification to be unreliable. Once again, according to the testimony of the victims in this case they clearly remembered defendant and Odom as the robbers despite the twenty-eight day lapse of time.
As to defendant's contention that the photos of himself and Odom were suggestive to the victims, the questions are whether the procedure was so unnecessarily suggestive and so conducive to an irreparable mistaken identification that defendant was denied due process and whether the identification procedure displayed the defendant so that the witness's attention was focused on him. State v. Neslo, 433 So.2d 73 (La.1983).
Defendant contends that by the photographs of defendant and Odom being slightly smaller than the others and having a green background unlike the others their photographs were suggestive. This argument lacks merit. Each victim apart from the other was given six photographs of women, including Odom, and six of men, including defendant, and they each identified the robbers separately from each set of six. While the photographs of defendant and Odom were both slightly smaller than the others in their respective sets, all of the photographs were of slightly different sizes. It is not conceivable that this could lead to misidentification especially considering that the identifications of the two robbers were not made together but separately. The same applies to the fact that the backgrounds in the robbers' pictures were green while the others were different. All of the backgrounds were different in color. There is no reason to believe that the victims were somehow drawn to the two photographs (selected independently from separate sets) with the green backgrounds as opposed to two others with the same backgrounds. In other words since all the photographs have dissimilar sizes and colors of backgrounds they do not suggest that defendant and Odom are the robbers.
Since defendant did not prove that the identification was suggestive and that there was a likelihood of misidentification as a result of the identification procedure, the trial court properly denied defendant's motion to suppress and properly allowed the photographic lineups to go to the jury. These assignments have no merit.

Assignment of Error 13
By this assignment defendant contends his ten year sentence was excessive for a first offender. The maximum sentence that could have been imposed was ninety-nine years without benefit of parole, probation or suspension of sentence. In State v. Williams, 420 So.2d 1116 (La.1982) the court concluded that a twelve year sentence for a first offender who robs his victim at gun point is not excessive or apparently severe. Therefore, a remand for resentencing with an articulation of all the elements of C.Cr.P. Art. 894.1 is not warranted. This assignment is meritless.
Accordingly the conviction and sentence are affirmed.
AFFIRMED.