496 So.2d 1056 (1986)
STATE of Louisiana
v.
Anthony BARNES.
STATE of Louisiana
v.
Wayne CRANDLE.
Nos. KA-3733, KA-5528.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1986.
*1057 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry Boudreaux, H.T. Cox, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and LOBRANO, JJ.
GARRISON, Judge.
The defendants, Anthony Barnes and Wayne Crandle, were charged by bill of information with theft of property valued at greater than $500.00 and with simple criminal damage to property, violations of LSA-R.S. 14:67[1] and 14:56[2] respectively. After a jury found both defendants guilty as charged, defendant Barnes was sentenced to five years at hard labor on each count to be served concurrently. Defendant Crandle was sentenced to concurrent *1058 sentences of eight years at hard labor for the theft conviction and five years at hard labor for the criminal damage to property conviction. Additionally, the defendants were ordered to share the payment of $74.00 in court costs or serve an additional thirty day sentence in default thereof. At a subsequent multiple bill hearing conducted for defendant Barnes, he admitted to being the same person convicted of armed robbery in 1974 and pled guilty to being a second offender. At this hearing, the trial judge initially corrected Barnes' original sentence and amended it to state that he serve a concurrent sentence of five years at hard labor for the theft conviction and four years at hard labor for the criminal damage to property conviction. The judge then set aside this corrected original sentence and resentenced Barnes as a multiple offender to five years at hard labor. Both defendants now appeal their convictions and sentences.
On October 1, 1983, at approximately 4:55 a.m., Officer Charles Little of the New Orleans Police Department responded to a call about a theft in progress at a used car dealership called Autos Incorporated located at 4417 Earhart Boulevard. The call was placed by Mr. Jimmy Bray, the security guard at the dealership, who reported seeing three men in the parking lot removing tires from cars. The three men were still on the dealership's property when the police arrived. The police chased the men as they attempted to flee and caught them within minutes. The men were then brought back to the dealership and were positively identified by Bray as the men who he had seen moments earlier removing tires from dealership automobiles. Edwardo Rivera, general manager of the dealership, testified that eleven tires, eleven rims and ten hubcaps were missing from the dealership property and that the value of these items was in excess of $2,000.00. Rivera also stated that criminal damage was done to many of the vehicles when they fell off of the jacks allegedly used by the defendants to facilitate the removal of the tires. The value of this damage was estimated at $640.00. Officer Little testified that as the police officers chased the defendants, they noticed a truck leaving the scene. He also testified that the property in question has never been recovered.
Both defendants deny any wrongdoing and claim that they were walking home from a bar when they were suddenly accosted by police.
In their first assignment of error, the defendants contend that the sentencing of the defendants under both the theft and criminal damage statutes violated the constitutional prohibition against double jeopardy. Both the Louisiana and the Federal constitutions provide that no person shall twice be put in jeopardy of life or liberty for the same offense. U.S. Const. Amend. V; La. Const. Art. 1, Section 15. According to Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the established test for determining whether two offenses are sufficiently distinguishable to permit the imposition of cumulative punishment is whether each statute requires proof of an additional element which the other does not. The Louisiana courts employ the above-mentioned Blockburger test as well as the broader "same evidence" test. Under the "same evidence" test, if the evidence required to support a finding of guilt of one crime would also have supported conviction for the other, the two are the same offense for double jeopardy purposes. State v. Steele, 387 So.2d 1175 (La.1980).
In the present case, the defendants were charged with theft and with simple criminal damage to property. The theft statute, R.S. 14:67 (See footnote 1) requires proof of a taking with an intent to deprive whereas the criminal damage to property statute, R.S. 14:56 (See footnote 2) does not require proof of this element. On the other hand, R.S. 14:56 requires proof of intentional damaging of another's property whereas R.S. 14:67 does not. Therefore, because each offense requires proof of an additional element which the other does not, the double jeopardy clause is not violated under the Blockburger test.
*1059 Under the Louisiana "same evidence" test, the double jeopardy prohibition is not violated in this case because the evidence necessary to support a conviction for one offense would not be sufficient to support a conviction for the other offense. Proof of the defendant's taking of the tires, rims and hubcaps and removing them from the owner's property is sufficient to support a violation of the theft statute, R.S. 14:67. However, that evidence would not be sufficient to support a conviction for simple criminal damage to property as that offense requires proof of intentional damaging.
Therefore, because the defendants' convictions and sentences on both counts do not violate the constitutional prohibition against double jeopardy under either of the above-mentioned tests, this assignment of error is without merit.
Although not specifically alleged as an assignment of error, the defense, in its double jeopardy argument, suggests that the evidence presented at trial is insufficient to support the convictions for simple criminal damage to property. According to the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), when viewing the evidence in the light most favorable to the prosecution, this court must determine whether that evidence would be sufficient for a rational juror to conclude that the essential elements of the crime were proven beyond a reasonable doubt.
To support a conviction for simple criminal damage to property, the State must prove an intentional damaging of another's property. In this case, the only evidence introduced regarding the damaging of the cars was testimony concerning the defendant's use of a jack to raise the cars to remove the rims, tires and hubcaps. The cars in question were allegedly damaged when they fell from the jacks. This evidence, even when viewed in the light most favorable to the prosecution, does not sufficiently prove an intent to damage the cars.
Therefore, we reverse both of defendants' convictions for simple criminal damage to property.
In the defendants' second assignment of error, the trial court erred in sentencing the defendants to share court costs of $74.00 or serve an additional thirty days in default thereof. Specifically, the defendants contend that they will be subjected to additional imprisonment because of their indigency.
This court recently held that an indigent prisoner cannot be subjected to imprisonment for a longer period of time because he fails to pay a fine than someone with the ability to pay. State v. Williams, 489 So.2d 286 (La.App. 4th Cir.1986). The Williams court concluded that such a sentence is unconstitutional as a violation of a defendant's right to due process and equal protection of the law. U.S. Const. Amend. XIV; La. Const. Art. I, Sections 2 and 3.
The State's argument that the defendants should not be considered as indigents because they did not establish indigency until after sentencing is without merit. In State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985), this court held in a similar factual situation that a defendant is considered an indigent if he is found to be indigent at any point in the proceedings.
Therefore, we amend the defendants' sentences to delete that portion which imposes an additional thirty days of imprisonment in default of payment of court costs.
In their third assignment of error, defendants contend that the trial court erred in imposing illegal sentences for the simple criminal damage to property convictions. However, because we are reversing these convictions this issue is pretermitted.
In the final assignment of error, defendant Barnes contends that the trial court was without jurisdiction to conduct the multiple bill hearing after the motion for appeal was granted. In this case, the defendant's *1060 motion for appeal was granted on February 8, 1984. Defendant was found to be a multiple offender at a hearing held on March 28, 1984.
We agree with the defendant's contention that, because an order of appeal had already been entered, the trial court was without jurisdiction in imposing an enhanced sentence in this case. State ex rel. Tuesno v. Maggio, 441 So.2d 1226 (La. 1983). Additionally, we find that the trial judge erred in enhancing both of defendant's sentences for convictions received on the same day. State v. Sherer, 411 So.2d 1050 (La.1982). Therefore, we vacate defendant Barnes' enhanced sentence and reinstate his original sentence on this count of five years at hard labor. In the event defendant Barnes is resentenced as a multiple offender, his right to appeal his enhanced sentence is reserved to him.
For the reasons stated above, we reverse both defendants' convictions for count two. Defendant Crandle's conviction on count one is affirmed but his sentence is amended to delete that portion which imposes additional imprisonment for failure to pay court costs. Defendant Barnes' conviction on count one is affirmed. His enhanced sentence is vacated and his original sentence on count one of five years at hard labor is reinstated except to delete that portion which imposes additional imprisonment for failure to pay court costs.
AS TO DEFENDANT BARNES:
COUNT ONE:
CONVICTION AFFIRMED; ENHANCED SENTENCE VACATED; ORIGINAL SENTENCE REINSTATED AS AMENDED.
COUNT TWO:
CONVICTION REVERSED.
AS TO DEFENDANT CRANDLE:
COUNT ONE:
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED.
COUNT TWO:
CONVICTION REVERSED.
NOTES
[1] LSA-R.S. 14:67 states as follows:

Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
When the misappropriation or taking amounts to a value of one hundred dollars or more, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars or both.
When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense.
[2] LSA-R.S. 14:56 states as follows:

A. Simple criminal damage to property is the intentional damaging of any property of another, without the consent of the owner, and except as provided in R.S. 14:55, by any means other than fire or explosion.
B. Whoever commits the crime of simple criminal damage to property, where the damage is less than five hundred dollars, shall be fined not more than five hundred dollars, or imprisoned for not more than six months, or both.
Where the damage amounts to five hundred dollars but less than fifty thousand dollars, the offender shall be fined not more than one thousand dollars, or imprisoned, with or without hard labor, for not more than two years, or both.
Where the damage amounts to fifty thousand dollars or more, the offender shall be fined not more than ten thousand dollars, or imprisoned with or without hard labor for not less than one nor more than ten years, or both.