511 So.2d 850 (1987)
STATE of Louisiana
v.
Keith DILLON.
No. KA-5055.
Court of Appeal of Louisiana, Fourth Circuit.
August 11, 1987.
William A. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry Connick, Dist. Atty., William A. Marshall, Asst. Dist. Atty., New Orleans, for plaintiff.
*851 Dwight Doskey, O.I.D.P., New Orleans, for defendant.
GULOTTA, C.J., and CIACCIO and CADE, JJ.
GULOTTA, Chief Judge.
Keith Dillon was convicted in a jury trial of five counts of illegal possession of stolen things valued over $500.00, a violation of LSA-R.S. 14:69. He was sentenced on July 15, 1983, to concurrent sentences of five years at hard labor. The sentences were suspended, and defendant was placed on five years active probation. Additionally, he was ordered to pay $2,000.00 to the Criminal Court Fund and $37.00 in court costs or serve an additional thirty days in default of payment. Defendant's probation was revoked on October 31, 1985 and his five year sentence was made executory.

ERRORS PATENT
Before reaching the merits of defendant's assignments of error, we have reviewed the record for errors patent and find that the trial judge ordered defendant to pay $37.00 in court costs or serve an additional thirty days imprisonment in default of payment. Although there is no indication in the record that defendant was found to be indigent prior to trial and sentencing, the record does reveal that he was represented by O.I.D.P. at his probation revocation hearing as well as in the instant appeal.[1] In State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985) this court held that a defendant is considered indigent if found to be indigent at any point in the proceedings. See also State v. Barnes, 496 So.2d 1056 (La.App. 4th Cir.1986). An indigent prisoner cannot be subjected to imprisonment for a longer period of time because he is unable to pay a fine, State v. Barnes, supra. Consistent with the foregoing we amend defendant's sentence by deleting that portion of the sentence imposing jail time in lieu of payment of court costs.
We note also that the minute entries do not indicate defendant's presence at arraignment, pleading, voir dire, or rendition of the verdict. The record does reflect that defendant's attorney was present at arraignment and entered a plea of not guilty to the charge. Any irregularity in the arraignment is waived if the defendant either pleads guilty or goes to trial without objecting to these irregularities. See LSA-C. Cr.P. Art. 555. Further, the minute entry indicates that voir dire was conducted on April 19, 1983. The trial transcript of April 19, 1983, reflects that two witnesses made an in court identification of him on that date.
The minute entry for April 20, 1983, indicates that the jury returned a verdict of guilty. The trial transcript of April 20, 1983, indicates that at least one witness made an in court identification of the defendant. Under these circumstances, we conclude that Dillon was present at these critical stages of trial. See State v. Petta, 496 So.2d 390 (La.App. 4th Cir.1986).

ASSIGNMENTS OF ERROR
In his first assignment of error, defendant argues that the trial judge erred in imposing an excessive sentence or in the alternative by not reducing defendant's sentence once it was made executory. In this regard, defendant argues that his co-defendant (defendant's brother) was only sentenced to a two year concurrent sentence while he (defendant) received a five year concurrent sentence plus a $2,000.00 fine. Defendant claims that because he has no previous felony record he was placed on probation. On the other hand, his brother was not allowed on probation because of a "worse record of arrest and/or convictions". According to Dillon, although initially he was placed on probation and his brother was incarcerated, the sentence that he ultimately received was excessive in comparison to the one received by his brother. We disagree.
A sentence that is grossly out of proportion to the severity of the crime, or imposes purposeless and needless "pain and suffering" will be deemed excessive. *852 State v. Smith, 433 So.2d 688 (La.1983). "While co-defendants convicted of the same crime need not be sentenced equally, even where the co-defendants come from similar backgrounds and might be similar in other respects, disparity of sentences is another of the factors to be weighed by this court in assessing an excessive claim". State v. Smith, supra.
In the instant case, the maximum sentence on each count that could have been imposed on defendant was ten years imprisonment with or without hard labor and/or a $3,000.00 fine. In light of the fact that Dillon's sentence was initially suspended, and the maximum that could have been imposed totals fifty years imprisonment with or without hard labor and/or a $15,000.00 fine, we cannot say that the sentence imposed is excessive. While it is true as pointed out by defendant that C.Cr.P. Art. 894.1 was not complied with in the instant case, nonetheless considering the surrounding circumstances, the sentence on its face is not excessive or harsh. Therefore, no necessity exists to remand for compliance with the statute. See State v. Elloie, 461 So.2d 681 (La.App. 4th Cir. 1984); State v. Davis, 448 So.2d 645 (La. 1984); State v. Williams, 420 So.2d 1116 (La.1982).
Accordingly, this assignment is without merit.
In his second assignment of error, appellant contends that the trial judge erred in revoking his probation. However, defendant makes no argument as to why the trial judge erred and concedes the possibility that the revocation was not an abuse of discretion. According to defendant, this error was assigned in order not to forfeit his right to supplement his brief upon supplementation of the record. Defendant has not filed a supplemental brief.
We consider this assignment abandoned. Accordingly, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] Defendant was represented by an OIDP attorney at trial and at sentencing. However, there is no showing in the record that defendant's attorney was appointed to represent him.