560 So.2d 608 (1990)
STATE of Louisiana
v.
Marcelo MARTINEZ.
No. 88-KA-2266.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1990.
*609 Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Harry F. Connick, Dist. Atty., Val M. Solino, Asst. Dist. Atty., New Orleans, for appellee.
Before SCHOTT, CIACCIO and WARD, JJ.
CIACCIO, Judge.
Defendant, Marcelo Martinez was charged by bill of information with possession of twenty-eight grams or more, but less than two hundred grams of cocaine. LSA-R.S. 40:967. A jury found him guilty of attempted possession of twenty-eight grams or more, but less than two hundred grams of cocaine. Defendant was sentenced on May 27, 1988 to fourteen years at hard labor and ordered to pay a fine of $75,000.00 or serve an additional one year in jail. The state subsequently filed a multiple bill. On July 15, 1988, defendant was adjudicated a second felony offender and resentenced to twenty-eight years at hard labor, and ordered to pay a fine of $150,000.00 or serve two years in jail in default of payment.
On appeal, defendant raises two assignments of error. He argues his sentence is unconstitutional in that it is excessive and that the sentencing scheme under LSA-R.S. 40:967(F) is unconstitutional on its face. Defendant also asserts the trial judge erred in sentencing him to serve time in jail in lieu of payment of the fine where it has been established that he is indigent.
In the instant case, the twenty-eight year sentence imposed is two years less than the maximum permitted under LSA-R.S. 14:27 and LSA-R.S. 40:967(F). If a sentence falls within the ambit of the statute, as it does in this case, it may still violate Article I, Section 20 of the Louisiana Constitution prohibiting "cruel, excessive or unusual punishment." State v. Cann, 471 So.2d 701 (La.1985).
A constitutionally excessive sentence is one that is "grossly out of proportion to the severity of the crime" or "is nothing more than purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862, reh. denied, Brogdon v. Louisiana, 473 U.S. 921, 105 S.Ct. 3547, 87 L.Ed.2d 670 (1985).
To determine if a sentence is unconstitutionally excessive, an appellate court reviews the reasons given by the trial court for imposing a particular sentence. State v. Davis, 449 So.2d 452 (La.1984). The trial court's sentencing decision must be based upon the criteria set forth in LSA-C.Cr.P. Art. 894.1, which requires the court to specify the factors it has considered in imposing a particular sentence. While the trial court need not articulate every aggravating and mitigating circumstance presented in Article 894.1, the record must reflect the court considered these guidelines in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). In accordance *610 with Article 894.1 guidelines, the sentencing transcript should reflect that the trial court considered the personal history and past criminal history of the defendant and the severity of the crime. State v. Quebedeaux, 424 So.2d 1009 (La.1982), appeal after remand, 446 So.2d 1210 (La.1984).
The record in this matter indicates that the trial judge specifically considered the LSA-C.Cr.P. Art. 894.1 guidelines as well as defendant's personal history and past criminal record. Particularly, the trial judge noted defendant's prior conviction of possession of 100 pounds of marijuana with intent to distribute and his five year suspended sentence for that offense. The trial judge stated it was apparent the defendant had been engaged in drug trafficking for a long period which initially included marijuana but had graduated to the more dangerous cocaine. According to the trial judge, defendant's actions demonstrated a total disregard for the leniency shown him by the trial court after his first conviction. The trial judge opined that a lesser sentence would deprecate the seriousness of the present offense.
After reviewing the record and considering defendant's continued criminal activity, we neither find the trial judge abused its discretion in sentencing the defendant nor imposed an excessive sentence.
Defendant further argues that sentencing scheme for possession of cocaine set forth in LSA-R.S. 40:967(F) is unconstitutional on its face.[1] The sentencing scheme is based on a sliding scale in which the sentence imposed increases with the amount of cocaine found in a defendant's possession. The constitutionality of the sentencing scheme provided by the statute was addressed in State v. LeCompte, 406 So.2d 1300 (La.1981). The Supreme Court found the sentencing scheme in LSA-R.S. 40:967(F) to be constitutional except for a provision, now deleted, that did not set a maximum for a mandatory fine. This claim is without merit.
As his second assignment of error, defendant contends that because he is indigent the trial court erred in sentencing him to serve two additional years in jail should he fail to pay the imposed fine.
It is well settled that it is unconstitutional to subject an indigent defendant to imprisonment because he is unable to pay a fine. A defendant is considered indigent if he is found to be so at any point in the proceedings against him. State v. Dillon, 511 So.2d 850 (La.App. 4th Cir.1987); State v. Huffman, 480 So.2d 396 (La.App. 4th Cir.1985).
The record reflects that defendant was represented by private counsel at trial and at sentencing. After sentencing, the court appointed the Orleans Indigent Defender Program to represent him on appeal after finding him to be indigent. We therefore find the trial court erred in requiring defendant to serve two years in jail should he fail to pay the fine imposed. Accordingly, that portion of the sentence requiring *611 jail time in lieu of payment of the fine is deleted.
A review of the record for errors patent reveals one error. The trial judge lacked the authority to double the fine originally imposed upon defendant from $75,000.00 to $150,000.00.
LSA-R.S. 15:529.1 authorizes the court to double the prison term to be served by a second felony offender.[2] It does not, however, authorize the court to double the fine imposed. Accordingly, that portion of the sentence requiring defendant to pay a fine of $150,000.00 is hereby amended and the fine imposed is reduced to $75,000.00, the maximum allowed under LSA-R.S. 14:27 and 40:967(F).
For the foregoing reasons, defendant's conviction of attempted possession of twenty-eight grams or more, but less than two-hundred grams of cocaine is affirmed. We amend defendant's sentence to reduce the fine imposed by the trial court to $75,000.00 and delete that portion of the sentence requiring defendant to serve an additional two years in jail for failure to pay the fine. Insofar as defendant's sentence requires him to serve 28 years at hard labor, the sentence is affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED, AS AMENDED AFFIRMED.
NOTES
[1] LSA-R.S. 40:967 provides in part:

F. Other penalties for possession. (1) Except as otherwise authorized in this Part:
(a) Any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years, and to pay a fine of not less than fifty thousand dollars, nor more than one hundred fifty thousand dollars.
(b) Any person who knowingly or intentionally possesses two hundred grams or more, but less than four hundred grams, of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years nor more than thirty years, and to pay a fine of not less than one hundred thousand dollars, nor more than three hundred fifty thousand dollars.
(c) Any person who knowingly or intentionally possesses four hundred grams or more of cocaine or of a mixture or substance containing a detectable amount of cocaine or of its analogues as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than fifteen years, nor more than thirty years and to pay a fine of not less than two hundred fifty thousand dollars, nor more than six hundred thousand dollars.
[2] LSA-R.S. 15:529.1 provides in part:

Sec. 529.1. Sentences for second and subsequent offenses; certificate of warden or clerk of court in the state of Louisiana as evidence
A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
(1) If the second felony is such that upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then the sentence to imprisonment shall be for a determinate term not less than one-half the longest term and not more than twice the longest term prescribed for a first conviction.