LOBRANO, Judge.
Defendant, Cedric Johnson, was charged by bill of information with possession of cocaine, a violation of Louisiana Revised Statute 40:967.
Defendant was arraigned on March 2, 1990 and pled not guilty. Defendant was tried and found guilty as charged on April 25, 1990. On May 29, 1990, defendant was re-sentenced as a multiple offender to serve forty (40) months at hard labor with credit for time served. In addition, defendant was ordered to pay $159.00 in court costs or serve an additional thirty (30) days in jail.
FACTS:
On February 10,1990, New Orleans Narcotics Detectives Eric Hessler and Steve Imbraguglio, were on patrol in the St. Thomas Housing Project. They were not in uniform and were driving an unmarked police car. As they drove through the 700 block of St. Andrew Street, a known “hot spot” for drug activity, they observed defendant walking toward them from approximately fifty feet away. When defendant saw the officers, he turned and began walking in the opposite direction. Suddenly he turned into a courtyard where the officers observed defendant reach into his waistband and throw a match box on the ground. Knowing that match boxes are commonly used to carry narcotics, the officers ordered defendant to stop. Detective *1207 Imbraguglio arrested defendant, handcuffed him and placed him in the rear of the police vehicle. Officer Hessler then retrieved and opened the match box which contained five individually wrapped pieces of crack cocaine. The officers then informed defendant that he was being charged with possession of cocaine.
Defendant appeals his conviction and sentence alleging the following assignments of error:
1) The trial court erred in improperly defining “reasonable doubt” for the jury.
2) The trial court erred in sentencing defendant, an indigent, to pay court costs or serve an additional thirty (30) days in jail.
3) Though not specifically assigned as error, defendant also asserts the trial court erred in incorporating in his sentence a denial of good time eligibility.
4) Defendant’s Motion to Suppress should have been granted because of his illegal arrest.
ASSIGNMENT OF ERROR 1:
Defendant asserts that pursuant to the United States Supreme Court’s ruling in Cage v. Louisiana, — U.S. —, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), on remand, State v. Cage, 583 So.2d 1125 (La.1991), the jury charge defining “reasonable doubt” was improper and warrants reversal of defendant’s conviction.
In State v. Dobson, 578 So.2d 533 (La.App. 4th Cir.1991), this Court held that an assignment of error on the grounds that the “reasonable doubt” jury charge was improper under Cage will not be considered in the absence of a contemporaneous objection at trial. This court stated:
“C.Cr.P. art. 841 sets out the general contemporaneous objection rule in Louisiana: 'An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.’ Art. 801 contains the following provision dealing specifically with a jury charge:
A party may not assign as error the giving or failure to give a jury charge of any portion thereof unless an objection thereto is made before the jury retires or within such time as the court may reasonably cure the alleged error.
Consistent with these statutes Louisiana appellate courts have refused to consider arguments on jury charges where no contemporaneous objections were made.” Id. at 534.
The record clearly shows no contemporaneous objection was made.[1]
This assignment of error is without merit.
ASSIGNMENT OF ERRORS 2 and 3:
Defendant asserts the trial court erred in ordering defendant, an indigent, to pay $159.00 in court costs or serve an additional thirty days in jail. We agree.
The record reflects that throughout the trial and initial sentencing, defendant was represented by private counsel. However, at re-sentencing and on appeal, defendant was represented by counsel assigned from the indigent defender program.
A defendant is considered indigent if he is found to be so at any point in the proceedings against him. State v. Martinez, 560 So.2d 608 (La.App. 4th Cir.1990); State v. Dillon, 511 So.2d 850 (La.App. 4th Cir.1987). Upon a showing of indigence, a defendant cannot be required to serve additional jail time in lieu of paying a fine or court costs. State v. Moncriffe, 522 So.2d 1187 (La.App. 4th Cir.1988); State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986).
In addition, defendant contends that the portion of the sentence denying him eligibility for good time credits should be deleted. We agree.
Pursuant to the provisions of Louisiana Revised Statute 15:571.3, defendant is ineligible for diminution of sentence for good *1208 time by operation of law. Nevertheless, in State v. Melancon, 536 So.2d 430 (La.App. 4th Cir.1988), writ den. 582 So.2d 860 (La.1991), this Court held that the trial court has no authority to incorporate such a denial in a defendant’s sentence.
ASSIGNMENT OF ERROR 4:
Defendant argues he was arrested before the officers inspected and found the contents of the matchbox to be crack cocaine. This, defendant asserts, was an illegal arrest and the evidence seized should have been suppressed. We disagree.
The record shows that the officers did not stop, question, interrogate or arrest defendant before he threw the matchbox on the ground. They did, however, arrest him before they seized the matchbox and discovered its contents.
If property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from governmental interference then such property may be lawfully seized. State v. Wheeler, 416 So.2d 78 (La.1982); State v. Williams, 398 So.2d 1112 (La.1981). In such a case, there is no expectation of privacy and, thus, no violation of a person’s custodial rights. State v. Andrishok, 434 So.2d 389 (La.1983). It is only where a citizen is actually stopped without reasonable cause or when that stop is imminent that the right to be left alone is violated thereby rendering unlawful any resultant seizure of abandoned property. State v. Chopin, 372 So.2d 1222 (La.1979).
We agree with defendant that at the time of his arrest the officers did not have probable cause to arrest him. At best, the officers had a reasonable suspicion that the matchbox contained contraband. However, even if the arrest of a defendant is determined to have been illegal, an illegal arrest does not in and of itself, void a subsequent conviction where the officers had a right to seize the evidence. State v. Brown, 395 So.2d 1301 (La.1981); Gerstein v. Pugh, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975); State v. Jenkins, 338 So.2d 276 (La.1976). Thus, any argument by defendant that the crack cocaine seized was tainted by the illegal arrest and must be suppressed has no merit since clearly the officers had a right to seize the matchbox as abandoned property.
This assignment of error is without merit.
Thus, for the reasons assigned above, defendant’s conviction is affirmed. Defendant’s sentence is amended to delete that portion ordering him to pay $159.00 in court costs or serve an additional thirty days in jail and that portion which denies defendant good time eligibility.
CONVICTION AFFIRMED; SENTENCE AMENDED, AND AS AMENDED, AFFIRMED.

. On March 19, 1991, this court received a letter from Eve Kazik, CSR in response to an order by this court dated March 11, 1991, ordering Ms. Kazik to either supplement the record with a transcript of the jury charge on reasonable doubt or with a certification that no contemporaneous objection was made. In her letter Ms. Kazik informed the court that no objection was made before, during or after the instructions as to reasonable doubt.