SCHOTT, Judge.
Defendant was charged with possession of heroin with intent to distribute in violation of LSA R.S. 40:966, convicted of attempted possession of heroin with intent to distribute, and sentenced to forty years at hard labor.
On October 12, 1979 police officers executed a search warrant at 13677 North Lemans Street in New Orleans. Upon entering the premises they found two women in the living room and defendant going from the living room toward the bedroom. They pursued him and discovered that he had five tin foil packets in his mouth. After being advised of his Fifth Amendment rights, defendant revealed fourteen more foil packets in a coat. The officer found $300 in defendant’s pocket, $3100 in the headboard of the bed, and an envelope addressed to defendant at this address. Defendant also revealed a shotgun in the closet and a handgun in the dresser drawer. The foil packets were found to contain heroin. Subsequent questioning of defendant led him to give a written confession in which he stated the heroin was his and no one else in the house knew about it. He denied being an addict.
A police sergeant who qualified as an expert in the distribution, sale, packaging and pricing of drugs in New Orleans testified that the foil packets seized from defendant, known as “spoons”, each con *994 tained about 25 individual doses, that at the time of defendant’s arrest spoons had a wholesale value of $125-$150, and that possession of nineteen spoons was not-consistent with personal use.
A review of the record for errors patent has revealed none except that the record does not contain defendant’s waiver of his right to a twenty-four hour delay between denial of his motion for new trial and sentencing. However, this error is harmless considering that defendant has neither assigned this as error nor alleged any prejudice as a result State v. Wormser, 467 So.2d 58 (La.App. 4th Cir.1985).
Argument of Error 1
By this assignment defendant contends that the trial court wrongfully denied his motion to suppress the evidence seized from the Lemans address. The affidavit presented to the magistrate who issued the warrant contains the following pertinent information: On October 12 affiants (two police officers) were told by a confidential informant who was reliable and whose information had led to previous arrests that he had been in the Lemans Street address within the previous three days and had witnessed sales of heroin and other drugs by one OB, a cab driver of a black Lincoln Morrison cab, and by a female known as Willie Mae. Also the informant observed OB getting numerous telephone calls in which he arranged to meet individuals at Chef Menteur Highway and Michoud Boulevard and would thereafter depart with a quantity of heroin in his cab and subsequently return with currency. OB bragged to the informant about how much money he was making and he and Willie Mae told him if he needed dope they always had it. Affi-ants established a surveillance of the premises and observed a black Lincoln Morrison cab bearing the name of Obediah Stephenson pull up and the driver enter the premises. Later he left the premises and drove off in his cab to a service station at Chef Menteur and Michoud where he exchanged an object with á person in a truck for something from the latter’s wallet. OB returned to Lemans Street. Other officers involved in the surveillance with affiants observed others entering the Lemans address and going to Chef and Michoud where apparent sales took place. Finally they saw a man and a woman leave the premises and drive off in a cab. After observing them stop for a conversation with occupants of a Cadillac also observed in connection with the premises, the officers stopped the cab and found $2400 in the possession of the woman identified as Willie Mae Brewer.
We have no difficulty concluding that this affidavit was sufficient to provide probable cause for the magistrate to issue the warrant. All the ingredients of a reliable trustworthy informant who provides fresh information to show the probability that contraband will be found in the place are contained in this affidavit. The magistrate’s decision to issue- the warrant was practical and based on common sense. All of the requirements of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) as well as State v. Duncan, 420 So.2d 1105 (La.1982) were met. This assignment is without merit.
Assignment of Error 2
Defendant maintains his confession was inadmissible because it was given after being promised that his daughter, who was in the house, would not be arrested. At the suppression hearing the officer's testimony that he made no promises whatsoever in exchange for the confession was contradicted by defendant and Willie Mae Brewer. The trial judge’s credibility call will not be disturbed on appeal. The officer’s testimony, believed by the trial judge, was sufficient to carry the state’s burden of proof. This assignment is meritless.
Assignments of Error 3 and 4
By these assignments defendant contends the $2,400 was illegally seized from Willie Mae Brewer and should have been suppressed. He further argues it should not have gone to the jury in any event *995 because it was irrelevant to the case against him and was inflammatory.
C.Cr.P. Art. 213 authorizes a war-rantless arrest when the officer has reason to believe the arrestee has committed an offense. An arrest must be based on probable cause which exists when the facts and circumstances within the arresting officer’s knowledge, and of which he has reasonable and trustworthy information, are sufficient to justify a man of average caution to believe that the person to be arrested has committed or is committing an offense. State v. Jackson, 450 So.2d 621 (La.1984).
In the instant case the confidential informant identified Willie Mae as selling drugs from Lemans Street with OB. Subsequent surveillance confirmed the accusations made by the informant as to the practice of selling the drugs at Chef Highway and Michoud Blvd. Just prior to Brewer’s cab being stopped the police observed its occupants holding a brief conversation with the occupants of a Cadillac which had been observed coming to and going from the Lemans address. Once the police stopped the cab they were authorized to search the immediate area surrounding Brewer as a precaution under considerations of exigency.
We have concluded that this case is much like State v. Johnson, 467 So.2d 47 (La. App. 4th Cir.1984) wherein this court found there was probable cause for an arrest and a subsequent search and seizure of drugs. The same result follows here.
With respect to admitting in evidence $2400 seized from Brewer this money was included in a single state exhibit which included the cash found on defendant’s person and in his headboard. Thus, defendant’s position at best must be that while it was perfectly alright for the state to show the jury almost $3,500 taken from defendant the addition of the $2,400 is what caused the jury to convict him. This argument ignores the overwhelming evidence confronting the jury irrespective of this $2,400. Here was a man caught with enough heroin to supply 475 individual doses of heroin which was obviously inconsistent with a supply for his own consumption but which he admitted belonged to him. He also denied he was an addict which seemed to negate any reasonable doubt that he was possessing such a quantity of heroin for his own use. We have concluded that the admission of the $2,400 did not affect the substantial rights of the acused, that there was no reasonable possibility that it contributed to the conviction, and that this error was harmless beyond a reasonable doubt C.Cr.P. Art. 921; State v. Rovais, 464 So.2d 958 (La.App. 4th Cir. 1985). The assignments are meritless.
Assignment of Error 5
By this assignment defendant takes issue with the court’s limitation on his counsel’s voir dire of the jurors. The record before us contains the following excerpt from the voir dire examination:
BY MR. ARY:
“Now there is a possibility that something will be introduced into evidence that may be termed a confession or an admission or a statement. Now the statement may be brought to your attention. In other words, the judge may rule as to its admissibility. If the judge does that, remember though, that you are the ultimate finders of fact, and in order for this statement to be introduced, there are certain criteria that must be shown.
BY THE COURT:
“Mr. Ary, those are all legal issues. Please refrain from referring to anything else like that.
BY MR. ARY:
“Your Honor, I’m attempting to—”
In considering this assignment we considered whether the entire transcript of the voir dire examination might further explain or buttress defendant’s argument, but in oral argument counsel assured us that the above quoted colloquy constitutes the entire portion of the record upon which he relies for the assignment. Voir dire is the examination of prospective jurors by means of questions relative to their qualifications *996 to serve on the case. The scope of the examination is within the discretion of the court. C.Cr.P. Art. 786. The above quote is not a question, but an instruction or perhaps an argument to the jury. We are not persuaded that the trial judge abused her discretion in preventing counsel from making the statement to the jury at this point in the trial. This assignment lacks merit.
Assignment of Error 6
By this assignment defendant contends he was erroneously prevented from having the affidavit which led up to the issuance of the search warrant introduced in evidence and from cross examining a state witness on the contents of the affidavit. Defendant’s theory is that the affidavit did not mention him at all, but that it focuses upon OB who was not even called as a witness. He reasons that the jury might have concluded that defendant was not really involved in the drug traffic the police had been observing but was only a hapless visitor in the wrong place' at the wrong time.
The affidavit is filled with hearsay declarations not only by the police officers who testified at this trial but also by others who were not called. It contains information about the arrests of others growing out of the surveillance. It is filled with details such as license plates, street locations, vehicle descriptions and names of individuals unrelated to this case. The court correctly ruled it inadmissible because it was not relevant within the definition of R.S. 15:441:
“Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negatise the commission of the offense and the intent.
Pacts necessary to be known to explain a relevant fact, or which support or influence raised by such fact, are admissible.”
We are convinced from our reading of the affidavit that its admission into evidence could have been most harmful to defendant’s case. If the jury had known about the tremendous amount of drug activity taking place at the address where defendant was caught and had they known about Willie Mae Brewer’s involvement in these activities it would have been even easier for them to convict defendant. Furthermore, defendant’s casual, hapless visitor theory is exploded considering mail addressed to him at this address was found on the premises, he knew exactly where the guns were located, and he admitted the heroin found in the house was his.
As to cross examination of the police witness by reference to the affidavit’s contents, much of what has been said about the affidavit’s admissibility applies here. Additionally, the trial judge had broad discretion in the control of examination of witnesses and her rulings should not be disturbed absent an abuse of discretion: State v. Elloie, 461 So.2d 681 (La.App. 4th Cir.1984). We find no such abuse when the rulings excluded the introduction of irrelevant material having no probative value whatsoever. This assignment is without merit.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.