482 So.2d 186 (1986)
STATE of Louisiana
v.
James E. JOHNSON, Jr.
No. KA-3497.
Court of Appeal of Louisiana, Fourth Circuit.
January 15, 1986.
*187 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Michael E. McMahon, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Harry E. Cantrell, Jr., New Orleans, for defendant-appellant.
Before GARRISON, CIACCIO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant James E. Johnson, Jr. was convicted of second degree murder in violation of La.R.S. 14:30.1 and sentenced to life imprisonment without benefit of probation, parole, or suspension of sentence.
Defendant was convicted of shooting Gail Smith three times in the head and neck at a bar where the victim had gone with her three-year old son, cousin, and boy friend. Defendant admitted, both at the time of his arrest and at trial, that he had committed the murder.
ASSIGNMENT OF ERROR NO. 1
The defense contends that the trial court was in error in allowing inculpatory statements made by defendant to be introduced into evidence without a proper predicate.
The state must prove that an inculpatory statement was made freely and voluntarily before it can be introduced into evidence. State v. Harrison, 451 So.2d 69 (La.App. 4th Cir.1984).
In this case, the arresting officer testified that defendant spontaneously admitted his guilt while he was being patted down and advised of his Miranda rights. A spontaneous and voluntary statement is admissible without Miranda warnings, even if the statement is made while the defendant is in custody. E.g. State v. George, 371 So.2d 762 (La.1979); State v. Sockwell, 337 So.2d 451 (La.1976).
Admissibility of an inculpatory statement is a question for the trial court, and its determinations as to voluntariness should not be disturbed unless unsupported by the evidence. E.g. State v. Perry, 420 So.2d 139, 145 (La.1982).
The record fully supports the trial judge's determination that the statement was freely and voluntarily made. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant argues that the trial court should not have allowed the introduction of photographs of the victim taken at the scene of the crime, because they were gruesome and had no probative value. State v. Tonubbee, 420 So.2d 126 (La.1982).
A trial court's ruling on the admissibility of allegedly gruesome photographs will be disturbed only if the prejudicial effect of the photographs clearly outweighs their probative value. State v. Celestine, 443 So.2d 1091 at n.1 (La.1983); State v. Germain, 433 So.2d 110 (La.1983); State v. Mayberry, 443 So.2d 785 (La.App. 3d Cir.1983). These photographs are generally admissible in order to prove corpus delecti, corroboration of other evidence, and establishment of the cause of death and the identity of the victim, and to establish the number and severity of the wounds. State v. Brogdon, 426 So.2d 158 (La.1983); State v. Lindsey, 404 So.2d 466 (La.1981).
Based upon these criteria, we cannot find that the trial court was in error for allowing the introduction of the photographs. This assignment of error is without merit.
For the foregoing reasons, defendant's conviction and sentence are AFFIRMED.
AFFIRMED.