WARD, Judge.
Gary Poche pleaded not guilty to a charge of second degree murder, a violation of La.R.S. 14:30.1. During trial a witness referred to a previously undisclosed statement, allegedly made by Poche at the time he turned himself in for the crime, and after a defense motion, the Court declared a mistrial. The Court held a hearing on Poche’s motion to suppress the statement and denied it.
Poche was tried again and found guilty as charged by a jury. He was sentenced to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. Poche appeals, assigning error to the Trial Court’s denial of his motion to suppress.
The evening after the victim, Louis Brown, was murdered, Poche went to the New Orleans police headquarters and told the front desk officer at the Detective Bureau that he was turning himself in for a shooting. Officer Donald Delay asked Poche his name, birthdate and social security number in order to verify the information through the computer. The computer revealed an outstanding arrest warrant for Poche for the shooting of Brown. In the meantime, Poche told Officer Delay that he *190 had killed Brown. Officer Delay advised Poche not to make any statements to him because he was not handling the case.
Before Detective Lionel Adams, who was in charge of the case, arrived at the front desk, Officer Delay took Poche into his office to get him out of the lobby and to search him for weapons. Although Delay had told Poche not to make any statements, Poche gave more details of the shooting. When Detective Adams arrived, he introduced himself to Poche and asked Poche if he could help him. Poche told Adams that he was turning himself in for the shooting of Louis Brown. Adams arrested Poche, advised him of his Miranda rights and asked Poche if he wanted to make a statement. Poche refused to make a statement without an attorney present and refused to sign the waiver of rights form.
At the hearing on the motion to suppress, the Trial Judge analyzed Poche’s incriminating statements in three parts: (1) the statement that he killed Brown made to Officer Delay during the computer verification; (2) the statements concerning more circumstances of the crime made to Delay while Delay searched him; and (3) the statement made to Detective Adams. At the hearing on the motion to suppress, Poche argued that anything he said from the time he was placed in Delay’s office and searched is inadmissible because he was in custody at this point and should have been advised of his Miranda rights.
The State responded that Miranda rights are required only in an interrogation situation, and Delay did not interrogate, nor intend to interrogate, Poche. The Trial Judge, considering only the second category of incriminating statements to be at issue, denied the motion to suppress on the basis that all of Poche’s statements were made voluntarily, and that there was no evidence of bad faith by the police. We find no error in the denial of Poche’s motion to suppress.
At Poche’s trial, however, Delay did not testify to the statement Poche made during the physical search. Thus, even if the denial of the motion to suppress was error, it was harmless because the statements actually complained of at the hearing were not offered at trial. We therefore consider only whether the Trial Court erred in not suppressing the statement made to Officer Delay in which he said he killed Brown.
Miranda rights are triggered by a custodial arrest and custodial interrogation. Rhode Island v. Innis, 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980). An officer’s intent to stop a defendant if he tries to leave does not constitute custody for Miranda purposes, unless that intent is communicated to the defendant, or the defendant is otherwise placed under restraint. State v. Davis, 448 So.2d 645 (La.1984). Thus Officer Delay’s testimony that he would not have let Poche leave after he turned himself in, does not mean there was custodial interrogation because Delay did not tell Poche that he was not free to go or otherwise restrain him.
Furthermore, Poche’s statement was not made in response to an interrogation. Interrogation refers to the direct questioning of a defendant regarding the crime or to the initiation of a conversation with the defendant that is reasonably likely to elicit an incriminating response. Innis. Poche was not subject to a custodial interrogation by Officer Delay. Delay merely asked Poche for identification information for computer verification. Any statements Poche made to Delay were voluntary and were completely unforeseeable responses to Officer Delay’s words and actions.
Although Poche’s statement to Adams has not been challenged in this appeal, since it is somewhat related, we have considered whether it should have been suppressed. This statement was the cause of the mistrial and triggered the hearing on the motion to suppress. Poche’s statement that he was turning himself in for the shooting of Brown was unsolicited and unforeseeable. Because Poche was never placed in custody by Officer Delay, Poche’s voluntary statement to Detective Adams before his arrest is admissible. Accordingly, all of Poche’s statements arguably at issue in this appeal are admissible.
*191 Poche also requests this Court to review the record for errors patent. Having reviewed the record and finding no errors patent and rejecting Poche’s assigned error, we affirm Poche’s conviction.
AFFIRMED.