540 So.2d 533 (1989)
STATE of Louisiana
v.
Oliver JACKSON, Jerry Joseph and James Scott, III.
No. KA-4380.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
Rehearing Denied April 11, 1989.
*534 Harry F. Connick, Dist. Atty., Michael E. McMahon, Sandra Pettle, Asst. Dist. Attys., New Orleans, for plaintiff-appellee.
Patrick J. Costa, New Orleans, for defendant-appellant James Scott, III.
Ike Spears, Rory M. Jones, New Orleans, for defendants-appellants James Scott, Oliver Jackson and Jerry Joseph.
Before BARRY, BYRNES and LOBRANO, JJ.
BYRNES, Judge.
Defendants James Scott, III, Jerry Joseph and Oliver E. Jackson were charged by bill of information with two counts each of aggravated battery in violation of La.R. S. 14:34. Following trial by jury each was found guilty of one count of second degree battery. Scott was sentenced to serve ten years at hard labor. Joseph and Jackson were each sentenced to serve five years at *535 hard labor. Defendants appeal their convictions and sentences. We affirm.
In the early morning hours of December 24, 1983 Darryl Fox, Leon Evans and David Lee went to a lounge known as Two Jacks Bar. An altercation occurred involving Fox, Evans, proprietor Oliver E. Jackson, disc jockey Jerry Joseph, and bartender James Scott. Fox and Evans were removed from the bar and once outside each sustained gunshot wounds. Jackson, Joseph and Scott were each charged with two counts of aggravated battery. Each was convicted of one count of second degree battery committed upon Fox.
On appeal defendants jointly allege three assignments of error. Defendant Scott alleges four additional assignments of error.
The defendants contend the trial court erred in denying a motion to suppress evidence. They allege two guns were illegally seized from behind the bar after Jackson's arrest.
Article 1, Section 5, of the Louisiana Constitution and the Fourth Amendment to the Constitution of the United States prohibit unreasonable searches and invasions of privacy. That which is knowingly exposed to the public is not protected. U.S. v. Santana, 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300 (1976). In a public establishment, there is no reasonable expectation of privacy. United States v. Santana, supra; State v. Melton, 412 So.2d 1065 (La.1982); State v. Lund, 409 So.2d 569 (La.1982); State v. Dixon, 391 So.2d 836 (La.1980).
In the instant case, Jackson admitted "the guns could be seen by people in the bar." Testimony indicated that while in the hallway leading to the restrooms, patrons could see behind the bar where the guns were placed and that employees who worked occassionally, such as Scott and Joseph, were allowed behind the bar. Because the guns were visible to everyone, and others could easily have had access to them, Jackson did not have a reasonable expectation of privacy, and the weapons were properly seized.
Defendants next contend the trial court erred in denying their motion to suppress the identification upon which the warrants for the arrests of Jerry Joseph and James Scott were issued.
Fox and Evans identified Joseph and Scott from a photographic line-up which was conducted by police during the investigation of this case. The pictures were either lost or otherwise unavailable for the trial court to review. The trial judge presumed the photographs were suggestive and found an independent basis for identification. The defense argues that a suggestive pretrial identification procedure taints the subsequent identification of these defendants.
Once a court finds a line-up suggestive, it must then determine whether, under all circumstances, the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court held that an in-court identification may be deemed reliable even though a line-up might have been suggestive. The Court enunciated a five factor test to be used to determine whether the identification was reliable: 1) the opportunity of the witness to view the assailant at the time of the crime; 2) the witness's degree of attention; 3) the accuracy of the witness's prior description of the assailant; 4) the level of certainty demonstrated by the witness; and 5) the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); State v. Savoy, 501 So.2d 819 (La. App. 4th Cir.1986), writ den. 502 So.2d 576 (1987); State v. Dawson, 490 So.2d 560 (La.App. 4th Cir.1986).
In this case, Fox and Evans testified they were at the bar for more than one hour and twenty minutes. During that time they argued with the defendants, fought with the defendants, and they were shot by the defendants. Under these facts, the witnesses had a great opportunity to view the defendants. Their attention was necessarily focused on the defendants. Additionally, Evans knew the defendants prior to the shooting. They identified the defendants at the motion hearing and at trial with certainty. The photographic *536 identification, therefore, presents no likelihood of irreparable misidentification, and the identifications were properly admitted.
The defendants further allege the trial court erred in sentencing them pursuant to La.C.Cr.P. art. 893.1 which provides for enhanced penalties where firearms are used in the commission of felonies. The State at the sentencing of these defendants moved to have them sentenced pursuant to La.C.Cr.P. art. 893.1. The trial court denied this motion, and the State sought writs of certiorari to this court to review the denial. This court granted writs and reversed the denial, State v. Jackson, Scott, Joseph, unpub. (K-3200, La.App. 4th Cir., December 20, 1984), stating that "... considering Article 893.1 which provides for a finding by the court as to whether or not a firearm was used in the commission of a felony, we remand to the trial court to make a factual finding in accordance with that article. That is, the trial judge, considering the record before him, must make a determination of whether or not the defendants used a firearm in the commission of the crime for which they are convicted."
Thus, the trial court, following the directive of this court, found a firearm was used. Such a finding is supported by the evidence. Jackson and Scott both shot Fox. La.R.S. 14:24 provides that all persons concerned in the commission of the crime, whether they directly commit the act, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals. Therefore, although Joseph did not shoot Fox, he acted as a principal in the commission of this crime. As such, the trial court did not err in sentencing the three defendants pursuant to La.C.Cr.P. art. 893.3.
Scott argues the trial judge erred in considering the facts of the crime against Evans since the jury found Scott not guilty of that crime.
A trial judge may properly consider evidence of other offenses in determination of sentence where there is a showing that the defendant did in fact perpetrate the other offense. State v. Pierson, 296 So.2d 324 (La.1974); State v. Lewis, 509 So.2d 848 (La.App. 1st Cir.1987); State v. Palmer, 448 So.2d 765 (La.App. 2nd 1984), writ denied 452 So.2d 695 (La.1984). The evidence reflects that Scott aided his co-defendants while they beat and shot Evans. Also, Evans testified that Scott beat him with a gun.
Accordingly, there was a showing the defendant did in fact commit the crime, and the trial court did not err in considering it in imposing the sentence.
Scott also argues that the trial court erred in finding him to be a third offender. Specifically, he contends that the guilty plea in one of the predicate offenses was not freely and voluntarily made because the trial judge failed to advise the defendant of the minimum and maximum sentence.
A review of the transcript in the predicate offense shows the trial court did advise the defendant of the potential maximum and minimum sentences:
Q. You understand that you are pleading guilty to possession of preludin which carries a penalty as a multiple offender of up to ten years, if they prove that up?
A. Yes, sir.
Q. Right now your maximum sentence is five yearszero to five years; do you understand that?
A. Yes, sir.
Q. You have a minimum sentence of twenty (20) months, if they prove that up; do you understand that?
A. Yes, sir.
Accordingly, this assignment is without merit.
Scott next argues that his sentence is excessive. Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La. 1985); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986), writ den. 503 So.2d 13 (1987). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity *537 of the crime or makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So. 2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Francosi, supra; State v. Brumfield, supra. In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Francosi, supra; State v. Brumfield, supra.
A trial court has great discretion in its sentencing powers, and a sentence should not be set aside by a reviewing court absent a manifest abuse of that discretion. State v. Quebedeaux, 424 So.2d 1009 (La. 1982), affirmed on remand, 446 So.2d 1210 (La.1984); State v. Trahan, 425 So.2d 1222 (La.1983). The reviewing court may look to similar cases to determine a sentence's excessiveness, especially to assure that maximum sentences are reserved for the most egregious violations and that other offenders of similar conduct will not receive lighter sentences that this defendant. State v. Guajardo, 428 So.2d 468 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983).
In this case, the trial court is in compliance with La.C.Cr.P. art. 894.1 as it recited numerous aggravating and mitigating circumstances. Scott aided his co-defendants while they beat and shot Evans. He shot Fox. He had prior convictions for marijuana possession, armed robbery, and preludin possession. Under these facts, the sentence imposed is not excessive. See State v. Williams, 454 So.2d 1268 (La.App. 2nd Cir.1984); State v. Smith, 452 So.2d 251 (La.App. 5th Cir.1984).
Scott alleges that on remand for resentencing the trial court erred in sentencing him as a triple offender without a second formal hearing on that issue. He relies on State ex rel. Robinson v. Blackburn, 511 So.2d 854 (La.App. 4th Cir.1987).
The defendant was found guilty of being a triple offender at a multiple offender hearing December 18, 1984. On appeal, this court remanded for resentencing so that the court could determine whether or not a firearm was used in the commission of the crime. It was not remanded for any error in the multiple offender adjudication, and that adjudication was unaffected by the remand. On resentencing April 28, 1987, the trial court resentenced the defendant "as previously sentenced ... as a multiple offender." Therefore, the remand for resentencing did not impose the need for a second hearing on Scott's status as a multiple offender.
State ex rel. Robinson v. Blackburn, supra, is easily distinguished from this case. That case was remanded for resentencing based on errors in the multiple offender adjudication and was, therefore, sent back to district court for hearings on the multiple bill. In the present case, the court did not find error in the multiple offender adjudication when it remanded. Accordingly, the trial court properly resentenced the defendant without conducting another hearing.
For the foregoing reasons, the convictions and sentences are affirmed.
AFFIRMED.