557 So.2d 283 (1990)
STATE of Louisiana
v.
David DALIET.
No. 88-KA-1979.
Court of Appeal of Louisiana, Fourth Circuit.
January 16, 1990.
*284 Harry F. Connick, Dist. Atty., Jack Pebbles, Asst. Dist. Atty., New Orleans, for appellee.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for appellant.
Before GARRISON, BARRY and BYRNES, JJ.
BYRNES, Judge.
David Dailet was charged with the simple burglary of an inhabited dwelling and attempted armed robbery. LSA-R.S. 14:62.2; 14:64. He was found guilty of attempted first degree robbery. He was sentenced to serve 10 years at hard labor on the burglary charge and 20 years at hard labor on the robbery charge (said sentence to be served without benefit of parole, probation or suspension of sentence). The sentences were to be served consecutively. The defendant was thereafter charged with being a multiple offender. After pleading guilty as a multiple offender, the defendant's original sentence was vacated and the trial court imposed an indentical sentence on the multiple offender conviction. The defendant appeals his conviction and sentence on the basis of two assignments of error. Finding merit with Assignment of Error, Number 2, we affirm the defendant's conviction, vacate the defendant's sentence and remand for resentencing.
The facts as revealed by the record are as follows:
Late on the morning of July 29, 1985, Melvin Lee was sitting on the porch of his house in the 5000 block of Burgundy Street. He observed a man knocking first on the door of one side and then on the door of the other side of the double located across the street on the corner. When no one answered either door, the man went around the back of the double. Mr. Lee observed a neighborhood youth, Perry Cleaves, riding by on his bicycle and asked Perry to ride to the corner to see if he could see the man. Perry did as Mr. Lee asked and observed someone breaking into the back door of the residence at 5000 Burgundy Street. Perry returned to Mr. Lee, told him to call the police, then went back around the corner in time to see the defendant David Daliet jump a fence carrying a jewelry box, place something in a car parked nearby, then run down the street. Perry followed Daliet, but lost him approximately four blocks from the scene. As Perry turned around to retrace his route, he saw Daliet emerge from under a house, carrying a jewelry box and a wine bottle. Daliet advanced on Perry and commanded him to get off his bicycle. When Perry refused, Daliet grabbed and punched him, and then began struggling for the bicycle. As Daliet raised a bottle, as if to hit Perry, Police Officers arrived and arrested Daliet. As he was being transported to Central Lockup, Daliet told a Police Officer that Kevin Green had also been involved in the burglary. The description Daliet gave of Green's clothing matched that given to police dispatch personnel when the burglary was reported.
A resident of 5000 Burgundy testified that when she left the house earlier that morning, the back door was locked. She testified the door had been damaged, with the lower half of the door being broken and removed from its hinges to allow access to the residence. She testified she did not know Daliet and had not given him permission to enter the house.

ASSIGNMENT OF ERROR NO. 1
The defendant contends that the trial court erred in refusing to suppress his confession. He reasons that his statement was involuntary in that it was the product of promises allegedly made to him by the police. He alleges that the police promised that the charges against him would be reduced and that he would be given help in keeping his parole from being revoked.
The State must prove that the accused had been advised of his Miranda rights and waived his right to counsel, before *285 his interrogation, in order for his statements made during custodial interrogation to be admissible. State v. Brooks, 505 So.2d 714 (La.1987) cert. denied. Brooks v. La., 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987), reh. denied 484 U.S. 1021, 108 S.Ct. 737, 98 L.Ed.2d 684 (1988).
The statement must be shown to be free and voluntary and not the product of threats, promises, coercion, intimidation or physical abuse. La.R.S. 15:451. State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, supra. The trial court's determination of a statement's admissibility will not be disturbed unless it is not supported by the evidence. State v. Brooks, supra; State v. Duncan, 478 So.2d 992 (La.App. 4th Cir.1985), writ denied 484 So.2d 133 (1986).
At the beginning of the defendant's trial, the state gave notice to the defendant that it intended to utilize an inculpatory statement made by the defendant wherein he described and identified Kevin Green as his co-perpetrator in the crime with which he was charged.
The circumstances surrounding the giving of the statement by the defendant are in conflict.
The defendant, David Dailet, testified that he was arrested on July 29, 1985 and taken by N.O.P.D. Officer Martin to Central Lockup. He was read his rights and told that if he helped the authorities, they would help him. He said he was told that the charge against him would be reduced to one of criminal trespass. He testified that he gave Kevin Green's name as a co-perpetrator of the crime because he was told that he would be taken care of by the police. Dailet thereafter denied being involved in the perpetration of the crime and merely admitted to being in the vicinity of the crime on the day of the occurrance.
Laura Dailet, the defendant's wife also testified. She stated that N.O.P.D. Officer Martin assured her that the parole board hearing would not be held and that burglary charges against her husband would be reduced to a trespass charge.
New Orleans Police Officer John Martin refuted the testimony of the defense witnesses. He testified that the defendant, who met the description given to police of one of the perpetrators of the crime, was arrested for the burglary of 5000 Burgundy Street in New Orleans. Officer Young arrested Dailet. Officer Martin arrived after Dailet's arrest. He read the defendant his Miranda rights in the presence of Officer Coates. The defendant indicated he understood his rights. According to Officer Martin, the defendant was asked the name of his accomplice and he identified Kevin Green. Dailet thereafter gave a description of Green and a general address for this subject. Officer Martin indicated that the information about Green was given without coercion, promises or intimidation. He stated that Dailet thereafter indicated he had information concerning narcotics activities and Officer Martin told him to talk with the Narcotics Section of the Police Department. Officer Martin further testified that he appeared at the defendant's parole board hearing wherein he advised the board that the defendant had indicated that he wanted to talk to the narcotics' division concerning information he had about narcotics activity. Martin then asked the board to hold off on a revocation of defendant's parole because the defendant was talking to narcotics. Officer Martin indicated that any agreement concerning narcotics would be between the defendant and that division of the Police Department.
Officer Martin stated that any narcotics information the defendant could provide had nothing to do with this case. He denied telling the defendant that he would try to have the current charges against him thrown out. Officer Martin further denied telling the defendant's wife that he would help the defendant.
A summary of the parole board revocation hearing was entered for filing into the record. The summary generally corroborated Officer Martin's testimony.
In this case it is apparent that the trial court when faced with a conflict in testimony, concerning the circumstances surrounding *286 the defendant's statement, chose to believe Officer Martin. We cannot say the trial court's finding is clearly contrary to the evidence and for this reason this court will not access the credibility of witnesses. State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). There is no indication, other than testimony of the two defense witnesses that the defendant's inculpatory statement was the product of any offer of help. The trial court apparently rejected this assertion. Moreover, even if the defendant gave subsequent information concerning narcotics activity as a result of Officer Martin's appearance at his parole revocation hearing, these circumstances are irrelevant to the issue of whether the original statement concerning Kevin Green and the burglary was made pursuant to promises by Officer Martin.
The trial court correctly found the defendant's confession was not the product of promises by Officer Martin. The confession being free and voluntary was properly admitted into evidence. As such we find no error in the trial court's refusal to suppress the defendant's confession. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2
In his second assignment of error the defendant contends the trial court erred in imposing consecutive sentences.
Louisiana Code of Criminal Procedure Article 883 provides in pertinent part, for the imposition of concurrent and consecutive sentences:
La.C.Cr.P. Art. 883. Concurrent and consecutive sentences
If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court expressly directs that some or all of them be served concurrently....
When a court imposes consecutive sentences for crimes arising out of a single transaction it must give a particular justification for such sentence beyond a mere articulation of the standard sentencing guidelines. La.C.Cr.P. Art. 894.1. State v. Messer, 408 So.2d 1354 (La.1982); State v. Smith, 539 So.2d 993 (La.App. 4th Cir. 1989).
In this case the sentencing court first noted the crimes for which the defendant was convicted. It thereafter considered the standard sentencing guidelines. The court reviewed the appellant's age, marital status and record of arrests and convictions. It noted the defendant's lack of remorse and indicated a long period of incarceration was indicated. The court then imposed a sentence of 10 years at hard labor on the robbery charge, with this sentence to be served without benefit of parole, probation or suspension of sentence. The sentences imposed were to run consecutively.[1]
Although the sentencing court in this case has adequately complied with the enunciation of the standard sentencing guidelines, it has failed to articulate a particular justification for the imposition of consecutive sentences. La. Arts. 894.1 and 883. For this reason we vacate the defendant's sentence and remand the case for resentencing wherein the district court shall articulate its particular justification for imposition of any consecutive sentences it may impose.
Accordingly, the defendant's conviction is affirmed, his sentence is vacated and the case is remanded to the district court for resentencing in accord with the opinion herein expressed.
CONVICTION AFFIRMED SENTENCE VACATED CASE REMANDED FOR RESENTENCING.
NOTES
[1] There is a conflict between the minute entry of May 30, 1986 (which indicates consecutive sentences) and the committment order (which indicates concurrent sentences). However, we are satisfied from the sentencing transcripts that the sentences were to be served consecutively.