613 So.2d 744 (1993)
STATE of Louisiana
v.
Cecelia BELL, et al.
No. 92-K-2620.
Court of Appeal of Louisiana, Fourth Circuit.
January 28, 1993.
Harry F. Connick, Dist. Atty., Douglas W. Freese, Asst. Dist. Atty., New Orleans, for relator.
Donald Pryor, New Orleans, for respondents.
Before BARRY, WARD and JONES, JJ.
JONES, Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of an order of the trial court granting a motion to suppress a statement made by the defendant, Cecelia Bell on August 31, 1992. Having reviewed the *745 transcript and the brief of the State, we reverse the judgment of the trial court.[1]

STATEMENT OF THE CASE
The defendants, Cecelia Bell and Chapelli Broussard, were charged by bill of indictment on September 17, 1992, with committing the first degree murder of fifteen-month-old Wayne Menendez, on July 3, 1992. The victim was the son of defendant Cecelia Bell. Defendant Broussard was Cecelia Bell's boyfriend.
At the hearing on the motion to suppress statements and evidence, the State presented testimony from Detective Jenerio Sanders, a detective for the New Orleans Police Department, Child Abuse Division, and Roger Jordan, an Assistant District Attorney employed as a homicide screener in the District Attorney's Office. The defense did not call any witnesses. The evidence presented at the hearing established that on July 3, 1992, Detective Sanders was summoned to Charity Hospital to investigate an injury to Wayne Menendez who was being treated in the Pediatric Intensive Care Unit. The child had been brought to the hospital by his mother with the assistance of the police. Detective Sanders went to the hospital and had a conversation with Ms. Bell to obtain preliminary information about the circumstances which caused the child to be brought to the hospital. Prior to talking to her at that time, he did not apprise her of her Miranda rights because he was only obtaining preliminary information and she was not considered a suspect in the potential child abuse case at that time.
Subsequently, the child died and Detective Sanders took statements from both Cecelia Bell and Chapelli Broussard on July 6, 1992. At that time both defendants were apprised of their Miranda rights and signed statements indicating that they understood their legal rights and chose to waive them. Because of conflicts in defendant Broussard's statement, and inconsistencies with other information the detective received, defendant Broussard was arrested on July 6, 1992. However, because Ms. Bell's statement was consistent, she was not considered a suspect and was not arrested.
On August 31, 1992, a preliminary hearing was scheduled for defendant Broussard. While Assistant District Attorney Roger Jordan was discussing the case with Detective Sanders outside Magistrate Court, they were approached by Gary Wainwright, Broussard's attorney. Mr. Wainwright informed them that he had a witness who would exonerate his client and asked that Jordan and Sanders listen to the witness. Defendant Bell then voluntarily approached Sanders and Jordan and began making a statement that was exculpatory as to both defendants, but was totally inconsistent with her prior statement to Detective Sanders. Both Detective Sanders and ADA Jordan testified that defendant Bell was not informed of her Miranda rights before making this inconsistent statement as she was not considered a suspect at that time. In fact, Detective Sanders testified that he did not even know that she was going to be there at the time. After hearing defendant Bell's statement and after consulting with ADA Jordan, Detective Sanders advised the defendant of her Miranda rights and placed her under arrest.
The defendant filed motions to suppress all statements. The trial court denied defense motions to suppress defendant Bell's July 3, 1992 statement, defendant Bell's July 6, 1992 statement, and, defendant Broussard's July 6, 1992 statement. However, the trial court granted defendant Bell's Motion to Suppress her August 31, 1992 statement made to Detective Sanders and ADA Jordan outside Magistrate Court. The State now complains of this ruling.

DISCUSSION
The State has the burden of proving that a statement given by a defendant was freely and voluntarily given, not the product of *746 threats, promises, coercion, intimidation, or physical abuse. La.R.S. 15:451; State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, 505 So.2d 714 (La.1987), cert. den. Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); State v. Daliet, 557 So.2d 283 (La.App. 4th Cir. 1990). To establish the admissibility of a statement made by an accused person during custodial interrogation, the State must prove that the accused had been advised of his/her Miranda rights, and that he/she waived these rights prior to interrogation. The determination of a statement's admissibility is within a trial court's discretion, and it should not be disturbed unless it is not supported by the evidence. Brooks, supra; Daliet, supra.
In the present case, however, the defendant was not in police custody nor under any sort of interrogation when her statement was made. Rather, she voluntarily spoke to Detective Sanders and ADA Jordan outside of Magistrate Court. In State v. Johnson, 482 So.2d 186 (La.App. 4th Cir.1986), writ den. 486 So.2d 749 (1986), this court noted that a voluntary, spontaneous statement is admissible without Miranda warnings, even if the defendant is in custody when the statement is made. See also State v. Jackson, 600 So.2d 739, 742 (La.App. 4th Cir.1992). Although the defendant was interrogated previously, and advised of her Miranda rights, the statement at issue was not the result of police-instigated questioning while the defendant was in police custody. Accordingly, the police were not obligated to read the defendant her Miranda rights before she gave her statement outside Magistrate Court on August 31, 1992.
Both Detective Sanders and ADA Jordan testified that defendant Cecelia Bell was not considered a suspect when the later statement was given nor was she in custody or subject to police interrogation. Since she was not in custody nor was she considered a suspect at the time that she approached the detective and Assistant District Attorney to make an additional statement, it was not necessary for Detective Sanders or ADA Jordan to remind defendant, Cecelia Bell of her Miranda rights. For this reason, the trial court abused its discretion in granting the defendant's motion to suppress the statement made by Ms. Bell.
Accordingly, this writ is granted and the ruling of the trial court is reversed.
REVERSED.
NOTES
[1] Prior to rendering this decision, the defendant was accorded an opportunity to file a response to the State's writ application. The defendant's response was due on December 14, 1992. As of January 7, 1993 no response had been filed by the defendant.