657 So.2d 562 (1995)
STATE of Louisiana
v.
Charles SAMUELS.
No. 94-KA-1408.
Court of Appeal of Louisiana, Fourth Circuit.
June 7, 1995.
*563 Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Asst. Dist. Atty. of Orleans Parish, New Orleans, for appellee.
Phelps Dunbar, Laura Tiffany Hawkins, New Orleans, for appellant.
Before BARRY, CIACCIO and MURRAY, JJ.
BARRY, Judge.
The defendant was charged with six counts of armed robbery, La.R.S. 14:64, and found guilty on count 5. He was found to be a double offender and sentenced to ninety-nine years at hard labor. He appealed seeking a review for error patent and this court affirmed the conviction and sentence. State v. Charles Samuels, unpub., KA-2323 (La.App. 4th Cir., 9/9/85). Pursuant to Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990), the defendant was granted this appeal. We again affirm his conviction and sentence.

FACTS
On April 23, 1982 defendant entered Bernie Dumas Buick and asked David Uzee, a car salesman, to speak to a female sales representative with whom he had met previously. Mr. Uzee sent the defendant to another part of the dealership because no one met his description of the sales representative. The defendant returned to Mr. Uzee who testified that the defendant asked to test drive a Plymouth van which was valued at $5,900. During the drive defendant pulled a gun and demanded Mr. Uzee's wallet and several personal items, then ordered Mr. Uzee out of the van. Mr. Uzee returned to the dealership and called the police. Mr. Uzee was shown a photographic lineup within one or two days of the incident and he identified the defendant in a physical lineup and at trial. A latent fingerprint on the van was identified and defendant's taped confession was heard by the jury.

ASSIGNMENT OF ERROR ONE
The defendant complains that the trial court erred by admitting Mr. Uzee's identification at the physical lineup because the police failed to honor his request for the lawyer he had retained. He argues that his right to counsel had attached at the time of the physical lineup even though he had not yet made a court appearance.
At the motion to suppress the identification the defendant testified that he asked Detective Ron Richards for his lawyer. He further stated:
that Detective Richards told us that we can't have no pay [sic] lawyer on a lineup, you know. And that the State appointed us a lawyer, you know. And I told him I wasn't going to the lineup, you know, and I told him why I wasn't going on the lineup because none of the dudes ain't looking like me, you know. All of them had beards and mustaches and I ain't had nothing on my face, you know. And he told me I'm going to the lineup. So, you know, since William Robinson was going, I just went on, you know.
Q. What did you show him?
A. I showed him a lawyer card, Martin Regan on it, the telephone number and everything, you know. He didn't want to take it, you know. He didn't want to take or nothing. [sic]
Q. And you told him you didn't want to go to the lineup?
A. Yes, I told him I didn't want to go to the lineup, you know.
Detective Richards testified at the motion hearing that he did not recall the defendant *564 stating that he was represented by Martin Regan and asked that Mr. Regan be called. At trial Detective Richards testified that he recalled that the defendant handed him Mr. Regan's card and that he called Mr. Regan's office three times.
Detective Richards stated that Tilden Greenbaum from the Indigent Defender's office was at the lineup. Thus, defendant had counsel present at the physical lineup. Nevertheless, absent special circumstances, counsel is not required at a pre-indictment lineup. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972); State v. Johnson, 619 So.2d 1102 (La.App. 4th Cir.1993), writ denied 625 So.2d 173 (La.1993). Kirby held that the right to counsel was limited to a criminal prosecution which commences with institution of the adversarial proceeding by a formal charge, preliminary hearing, indictment, information or arraignment. Kirby, 406 U.S. at 689, 92 S.Ct. at 1882.
The Louisiana Supreme Court has discussed at what point the right to counsel attached under the state and federal constitutions in State v. Hattaway, 621 So.2d 796 (La.1993). The Court stated that the Sixth Amendment right to counsel exists during pretrial confrontations that could be considered "critical stages".
After the right to counsel has attached and counsel has been retained or appointed to represent the defendant in the adverse judicial criminal proceedings, however, the defendant has the right to rely on counsel as the medium between himself and the state. Correlatively, the state has an affirmative duty not to circumvent or debate the protection afforded by the right counsel. Id. at 801.
Hattaway discussed the right to counsel under Art. I, § 13 of the Louisiana Constitution:
Whatever else it may mean, the right to counsel granted by Article I, § 13 of our state constitution means at least that, after adverse judicial criminal proceedings have been initiated against a person and the court has appointed a lawyer to assist him, the state cannot communicate with him about the offense related to the proceedings or obtain a valid waiver of his right to counsel for that purpose except through the medium of this attorney. We base this conclusion on the text and history of our state constitution and criminal procedural statutes, the pre-existing Sixth Amendment right to counsel jurisprudence, and principle of legal ethics. Id. at 807.
The court concluded that the right to counsel guaranteed by the Louisiana Constitution attached no later than the defendant's initial court appearance or first judicial appearance. The court adopted the "critical stages" test set forth in United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), in which a functional analysis was used to analyze whether potential substantial prejudice interfered with the defendant's rights and the ability of counsel to help avoid that prejudice. The court noted that the right to counsel may attach even before initiation of adverse judicial criminal proceedings and cited State v. Thomas, 406 So.2d 1325 (La.1981).
In Thomas the defendants participated in a physical lineup prior to indictment. The defendants said that they advised the police that they objected to being in the lineup without the assistance of counsel; however, they did not testify that they requested the officers to notify their counsel or to confer with counsel. The court stated that under La.C.Cr.P. art 230, a defendant has the right to procure and confer with counsel from the moment of arrest. The court held that a violation of this statutory right did not require the exclusion of evidence. The court stated:
Certainly, a timely request that the police notify (or permit an accused to notify) counsel of a forthcoming lineup ought always be honored. Nevertheless, in the absence of a bad faith effort to circumvent defendants' statutory right to counsel following arrest, and given the showing made in this case that the lineup was conducted according to fair and standard police procedure, the exclusion of reliable evidence is too great a price to impose solely because of the absence of counsel at the lineup.
It is also logical to refuse to apply a per se rule of exclusion because the presence of counsel at the lineup is primarily intended *565 to prevent unfairness, as noted in Wade, and not to prevent the accused from involuntarily supplying physical evidence against himself. See Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966). The Wade decision not only clearly recognized that the accused has no constitutional right to refuse to participate in a lineup, but also suggested that standard statutory or police administrative regulations assuring fairness could possibly remove the post-indictment lineup as a "critical stage" at which the Sixth Amendment right to counsel attaches. See State v. Pierre, 261 La. 42, 259 So.2d 6 (1972). Thus, the statutory right at issue here may be enforced simply by placing the burden on the state, when the statute has been violated, to prove the fairness of the procedure employed. This approach accommodates society's interest in fair and accurate factfinding in criminal trials and defendants' statutory right to "procure and confer with counsel" following arrest. La.C.Cr.P. Art. 230.
Thomas, 406 So.2d at 1328-1329 (footnote omitted). The court additionally concluded that even if the lineup identification was improper, the victim's in-court identification of a defendant emanated from the victim's independent recollection and was not the product of a tainted lineup; thus, its admission was harmless error.
In State v. Hodges, 526 So.2d 406 (La.App. 4th Cir.1988), writ denied 532 So.2d 175 (La. 1988) the defendants argued that they requested private counsel at a pre-indictment physical lineup and were denied. The police officer who conducted the lineup testified that the defendants had not requested private counsel and an attorney from the Indigent Defender office was present. This court rejected the defendant's argument because the defendants were not yet indicted at the time of the lineup.
The present case is different from Hodges in that Detective Richards stated that the defendant requested the presence of his attorney at the lineup but the officer was unable to contact him. The present case is similar to Thomas because defendant requested counsel but there a public defender was not present at the lineup. Here as in Thomas the police did not engage in a bad faith effort to circumvent defendant's right to counsel. There is no evidence that defendant's retained counsel at the lineup would have affected the procedures or the outcome of the lineup. Also, defendant had a member of the Orleans Indigent Defender Program at the lineup. This assignment of error lacks merit.

ASSIGNMENT OF ERROR TWO
The defendant complains that his taped confession was improperly admitted into evidence because it was procured by threats and was a continuation of an earlier statement which was made without a proper waiver of his constitutional rights. The defendant claims he gave the statement because Detective Morel threatened to have his two brothers arrested for the same crime. He also claims that the initial statement given while he was transported from Hahnville to New Orleans (by Detective Morel) was made without being advised of his constitutional rights, thereby tainting his later taped confession.
The State bears the burden of proving beyond a reasonable doubt that a statement given by a defendant was voluntary and was not influenced by fear, duress, intimidation, menaces, threats, inducements or promises. La.C.Cr.P. art 703; La.R.S. 15:451; State v. Bourque, 622 So.2d 198 (La. 1993). Whether a statement is voluntary is a fact question; thus, the trial judge's ruling, based on conclusions of credibility and the weight of the testimony, is entitled to great deference. Id.
At trial the defendant testified that he confessed to robbing Mr. Uzee because Detective Morel threatened to have his brothers Mayfield and Todd arrested for the offense. Detective Morel denied the accusation and stated he did not know the brothers. The trial court assessed the testimony and we have no basis to disagree.
The defendant claims he gave his initial statement without being advised of his constitutional rights. Detective Morel testified that he advised the defendant of his Miranda rights which the defendant waived.
*566 The defendant did not sign a written waiver of rights before he spoke to the officers. To establish the admissibility of a statement made by an accused during custodial interrogation, the State must prove that the accused was advised of his Miranda rights and that he waived those rights prior to interrogation. State v. Bell, 613 So.2d 744 (La.App. 4th Cir.1993). A waiver of Miranda rights need not be explicit but may be inferred from the actions and words of the accused. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); State v. Harvill, 403 So.2d 706 (La.1981). An express written or oral waiver of rights is strong proof of the validity of the waiver, but is not necessary or sufficient to establish the waiver. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979). The determination of a statement's admissibility is within the trial court's discretion and will not be disturbed unless unsupported by the evidence. State v. Bell, 613 So.2d at 746.
Detective Morel testified that the defendant orally waived his rights before making his statement. The trial judge accepted that testimony. Lack of a written waiver of rights is no basis to suppress the confession. This assignment of error is without merit.

ASSIGNMENTS OF ERROR THREE AND FOUR
The defendant combined his third and fourth assignments. He complains the trial court should not have admitted Mr. Uzee's identification at the physical lineup because the State failed to produce, as ordered, the entire photographic lineup Mr. Uzee had seen over a month before the physical lineup. The defendant argues that the photographic lineup was Brady material and his counsel could not determine whether it was suggestive and tainted the identifications at the physical lineup and trial.
At the motion to suppress the confession hearing, the trial court ordered the State to produce the photographic lineup. On the morning of trial defense counsel repeated his request to see the photographs viewed by Mr. Uzee. The State had fill-in photographs but not the defendant's photograph. Mr. Uzee testified during cross-examination that on the day after the robbery the police showed him a photographic lineup and he signed the back of a photograph that looked like the robber. Officer Bruce Adams testified that he conducted the photographic lineup and Mr. Uzee selected defendant's photograph and said that he was "pretty sure" that the defendant was the man who robbed him. Officer Adams stated that he could not find the photos and did not know the State had been ordered to give the photographs to the defendant.
In State v. Jackson, 540 So.2d 533 (La. App. 4th Cir.1989), writ denied sub. nom., State v. Scott, 548 So.2d 1228 (La.1989), the photographic lineup was either lost or misplaced and the trial court presumed the photographs were suggestive, but found an independent basis for the identification. The defendants argued that the suggestive pretrial identification tainted their subsequent identification. This court rejected defendants' argument and held that the photographic lineup did not present a substantial likelihood of irreparable misidentification. The court stated:
Once a court finds a line-up suggestive, it must then determine whether, under all circumstances, the suggestive procedure gave rise to a substantial likelihood of irreparable misidentification. In Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the United States Supreme Court held that an in-court identification may be deemed reliable even though a line-up might have been suggestive. The Court enunciated a five factor test to be used to determine whether the identification was reliable: 1) the opportunity of the witness to view the assailant at the time of the crime; 2) the witness's degree of attention; 3) the accuracy of the witness's prior description of the assailant; 4) the level of certainty demonstrated by the witness; and 5) the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); State v. Savoy, 501 So.2d 819 (La.App. 4th Cir.1986), writ den. 502 So.2d 576 (1987); State v. Dawson, 490 So.2d 560 (La.App. 4th Cir.1986).
State v. Jackson, 540 So.2d at 535.
Assuming the photographic lineup viewed by Mr. Uzee was suggestive, consideration of *567 the five factors in Manson establishes that there was no substantial likelihood of an irreparable misidentification. Mr. Uzee was with the man who robbed him for a considerable period of time prior to the robbery and the robbery occurred in the daylight. Mr. Uzee gave the police a full description of his assailant and he positively identified the defendant at the physical lineup. Thus, Mr. Uzee's identification was not tainted. The assignments of error have no merit.

ERRORS PATENT REVIEW
As noted in defendant's original appeal the trial court did not specify that the sentence be served without benefit of parole, probation or suspension of sentence pursuant to La.R.S. 14:64. Because the error patent is favorable to the defendant and the State has not complained, the illegally lenient sentence cannot be corrected on appeal. State v. Fraser, 484 So.2d 122 (La.1986);
The conviction and sentence are affirmed.
AFFIRMED.