660 So.2d 911 (1995)
STATE of Louisiana
v.
Dan LEE.
No. 95-K-1398.
Court of Appeal of Louisiana, Fourth Circuit.
August 23, 1995.
*912 Harry F. Connick, District Attorney, Darren Glenn Wells, Assistant District Attorney, New Orleans, for State of Louisiana/Relator.
Harry S. Tervalon, Jr., Orleans Indigent Defender Program, New Orleans, for defendant/respondent.
Before CIACCIO, ARMSTRONG and JONES, JJ.
CIACCIO, Judge.
On the application of the State of Louisiana, we grant certiorari to consider whether the trial court correctly suppressed a statement made by the defendant. According to the application, the defendant and another person were stopped in a store for suspected shoplifting. The two suspects were handcuffed by the security guard and taken to his office after they had caused a scene. The guard did not advise the defendant of his rights under Miranda. Once in the office, the defendant claimed to have found the objects that were the subject of the alleged shoplifting. The State argues that this statement was spontaneous, voluntary, and not the product of any interrogation.
A review of the hearing transcript supports the State's version of events. Officer Warren Lester, assistant director of security for the French Market Corporation, testified that he detained the defendant and a female companion because of a description received from Ms. Amber Judge, the shoplifting victim. He approached them in the French Market Seafood restaurant, obtained back-up assistance and asked the female what was in her bag. As Officer Lester went through the bag, which the female had handed him, she stated that the bag belonged to the defendant. At that point the defendant and his companion were handcuffed. The two suspects were escorted from the restaurant to the French Market security offices. At the security office the defendant made the statement that he had found the stuff. According to Officer Lester, the defendant's statement was voluntary and not made in response to any questioning. The officer had not advised the defendant of any of his constitutional rights. On cross-examination, Officer Lester indicated that he was commissioned by the City of New Orleans with municipal arrest powers, although he stated that the defendant was merely detained and not arrested at the time he was handcuffed and moved to the security office.
The State has the burden of proving that a statement given by a defendant was freely and voluntarily given, not the product of threats, promises, coercion, intimidation, or physical abuse. R.S. 15:452; State v. Seward, 509 So.2d 413 (La.1987); State v. Brooks, 505 So.2d 714 (La.1987), cert. den. Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987); State v. Daliet, 557 So.2d 283 (La.App. 4th Cir.1990). To establish the admissibility of a statement made by an accused person during custodial interrogation, the State must prove that the accused had been advised of his/her Miranda rights and that he/she waived these rights prior to interrogation. Brooks; Daliet. The determination of a statement's admissibility is within a trial court's discretion, and it should not be disturbed unless it is not supported by the evidence. Brooks; Daliet.
*913 However, in State v. Johnson, 482 So.2d 186 (La.App. 4th Cir.1986), writ den. 486 So.2d 749 (1986), this Court noted that a voluntary, spontaneous statement is admissible without Miranda warnings, even if the defendant is in custody when the statement is made. See also State v. Jackson, 600 So.2d 739 (La.App. 4th Cir.1992).
The trial court in the instant case granted the motion to suppress the statement because the defendant was in custody and had not been advised of his Miranda rights. The trial court failed to distinguish between a statement made in response to interrogation and one made spontaneously. Based on the uncontradicted testimony of Officer Lester that the defendant's statement was spontaneous, we find the trial judge erred in suppressing the statement.
Accordingly, the application of the state is hereby granted and the judgment of the trial court granting defendant's motion to suppress the statement is reversed. The case is remanded to the trial court for further proceedings.
WRIT GRANTED; TRIAL COURT JUDGMENT REVERSED.
ARMSTRONG, J., concurs.