I iBYRNES, Judge.
|2The State requests a review of the trial court’s ruling which granted the defendant’s motion to suppress. We reverse and remand.
On December 11, 1995, police officers in Madison, Wisconsin were alerted that the defendant Samuel Green, who was wanted on a warrant from New Orleans, was working at a store in Madison. The officers ascertained that Green would be at work the next day, and on December 12 they went to the store and arrested him. At the time of the arrest, the officers did not advise Green of his Miranda rights, but he made no statements at that time. The officers transported him to police headquarters, and during the drive Green still made no statements. Once at the police station, one officer took Green into an interrogation room to wait while the other officer called the New Orleans Police Department to verify the charge and to ask if NOPD wanted the Wisconsin officers to interrogate Green. At this time, the officers still had not advised Green of his Miranda rights.
While Green and the officer were waiting in the interrogation room, the officer began asking routine questions concerned with booking Green. When the officer asked Green if he had any distinguishing marks, Green rubbed his finger over his teeth and told the officer that something had happened to his teeth in New Orleans, but he wanted to wait until the other officer had returned before he said any more. The officer and Green completed the form and then waited for the other officer to return. After waiting somewhere between twenty and forty minutes, Green told the officer in the room with him that he had been with a group of friends in New Orleans when he was jumped by some guys, and he indicated that was how he had lost some of his front teeth. He also told the officer that the men who jumped him had guns and started shooting, and he and his friends shot back at the men. Green also said that he knew the man who had been shot was alive when Green left the scene and that later Green had been told by someone that a car had exploded.
Shortly after Green made this statement, the other officer entered the room and advised Green of his Miranda rights. After indicating that he understood his rights, Green stated that he wanted to make a statement, but he also wanted an attorney present. He also asked if the New Orleans police had told the officer that he had been beaten, that a car had blown up, and that the man was living when Green left. The officers had some difficulty making Green understand that if he wanted an attorney, he could not make a statement at that time. After some time, Green finally got in touch with some relatives who lived in Wisconsin, and they in turn contacted an attorney. Ultimately, Green gave no more statements.
On January 25, 1996, the defendant was charged with second degree murder. At his arraignment on March 1, 1996 he entered a plea of not guilty. His motion to suppress the statements was heard and granted on April 12, 1996. The State then filed its writ application for review of the trial court’s ruling.
A voluntary, spontaneous statement is admissible without Miranda warnings, |4even if the defendant is in custody when the statement is made. State v. Lee, 95-1398, p. 2 (La. 4 Cir. 8/23/95), 660 So.2d 911. In the present case none of the statements suppressed by the trial court were in response to any questioning about the murder. The defendant’s first statements were unresponsive to the general questions the officers were asking the defendant while booking him. See State v. Poche, 524 So.2d 189 (La.App. 4 Cir.1988). The defendant’s statements were not the product of an interrogation but rather were the defendant’s spontaneous admissions. The officers’ failure to advise the defendant of his rights at the time he first began making his statements did not render the statements involuntary.
*471 Accordingly, the trial court’s ruling which granted the defendant’s motion to suppress is reversed, and the motion to suppress is denied. The ease is remanded for additional proceedings.
WRIT GRANTED; REVERSED AND REMANDED.